O’CONNELL, Justice.
The claimant, Stella M. Blackwood, petitioned this Court for writ of certiorari to review the order of the Florida Industrial Commission affirming an order of the deputy commissioner pertaining to her claim against respondent, Penwoven, Inc., for benefits under the Workmen’s Compensation Act.
The limited record before us reveals that the following facts transpired.
On February 4, 1959 claimant injured her back while engaged in her employment with the respondent in Miami, Florida. She filed claim on March 2, 1959 for temporary total or temporary partial and permanent partial disability, medical transportation expenses, further medical care, penalty, interest and other benefits. She also applied for a hearing on the merits of the claim. Subsequently, on May 25, 1959 the commission was notified that “all issues in dispute have been amicably disposed of.”
Respondent and its carrier furnished medical care and attention to claimant. Dr. Lyle W. Russell of Miami was the attending physician furnished by the respondent.
It appears that claimant, for reasons of her own, discontinued or rejected the treatment by Dr. Russell and went to the nearby City of Fort Lauderdale, where she contacted Dr. George T. F. Rahilly for consultation.
Dr. Rahilly performed a myelogram and then recommended that a laminectomy be performed.
At about this time, or shortly before the myelogram was performed by Dr. Rahilly, claimant obtained new counsel who on March 29, 1960 filed a claim letter for claimant. Therein claim was made for temporary total or partial disability, permanent *110 partial disability, further medical care, determination of maximum improvement date, reimbursement of. medication and transpor- . tation expense, a reasonable attorney’s fee, and other benefits under the Act. In this claim letter counsel for claimant stated the carrier had taken the position that petitioner had, on November 23, 1959, reached maximum improvement with an undetermined permanent partial disability, the carrier having indicated that she had been rated at 10% permanent partial disability; he said claimant’s position was that she had not yet reached maximum improvement, or, in the alternative, that if she had, her disability was far in excess of 10% of the body.
Next, the record reveals that claimant agreed to be re-examined by Dr. Russell and the claimant’s claim file with the commission was returned by the deputy to the commission's offices in Tallahassee.
.. Dr. Russell confirmed Dr. Rahilly’s recommendation that claimant should undergo a laminectomy.
At this point counsel for respondent and for claimant engaged in a telephone conversation concerning whether or not the respondent would pay the medical expenses incurred by such an operation if it was performed by Dr. Rahilly, claimant’s physician, rather than by Dr. Russell, the physician furnished by the carrier. Subsequent events proved that counsel did not understand one another in this conversation.
Subsequent to this conversation claimant was operated upon by Dr. Rahilly in Fort Lauderdale. The laminectomy was performed on September 2, 1960.
Claimant’s counsel then, on September 17, 1960, wrote to the commission in Tallahassee asking that claimant’s file be sent to the Miami deputy “so that a conference can be arranged.” Subsequently, the deputy notified the parties that a conference would be held on October 11, 1960.
On the appointed day the conference was held. A court reporter took stenographic notes thereof and later transcribed them. At the conference the claimant’s counsel took the position that the respondent had indicated it would not pay the costs of the operation performed by Dr. Rahilly, although it would have paid such costs if the operation had been performed by Dr. Russell. Claimant’s counsel said he would like to have some clarification by the carrier for respondent as to its position “about paying Dr. Rahilly’s bill.” He said “that is the purpose of this conference.”
At this conference both counsel explained to the deputy their position as to what had been their understanding relating to the authority of Dr. Rahilly to perform the operation. No one else “testified” and no evidence was presented by either party. Claimant made no effort to prove her claim for temporary total or partial or for permanent partial disability benefits. It is manifest from the transcript that both counsel and the deputy anticipated that those claims, or some of them, would be presented at a future hearing.
The transcript reveals that the deputy resolved the misunderstanding, reaching the conclusion the respondent should pay claimant’s medical expenses incurred by the operation performed by Dr. Rahilly in Fort Lauderdale, but only in accordance with the prevailing “rates” for such services in Dade County. He also indicated the carrier would not be required to pay claimant’s transportation costs incurred because of the operation having been performed in Fort Lauderdale while she lived in Miami. At more than one point in the transcript it appears that his conclusion was satisfactory to claimant’s counsel.
Although no claim had been made for attorney’s fees during this conference, the deputy commented that there would be no such fees relating to the matter which was the subject of the conference for clarification purposes, but he indicated there might be an award for attorney’s fees in connection with the obtaining of any award for permanent partial disability, should such be done in the proposed final hearing.
*111 Claimant’s counsel then asked the deputy whether “we need an order on this,” whereupon the deputy replied “draw a short order as far as transportation and things like that so that I will have a record of it.”
Such an order was prepared and was signed by the deputy. Therein it was stated that the deputy found the respondent had at all times furnished the claimant with medical care and she had submitted to treatment by Dr. Rahilly without having first requested authorization from the commission. The deputy ordered that the respondent pay Dr. Rahilly’s bill and the hospital bills, but at Dade County rates. He ruled claimant was entitled to no transportation costs and her attorney “shall not be entitled to any attorney’s fee with reference to the said medical and surgical treatment.”
Claimant filed application for review of this order and the commission upon review affirmed the deputy.
Before us the claimant urges that she requested the deputy to hold only a conference to clarify certain issues and that the proceeding was not a hearing which could result in an order but was only a pre-trial conference. Further, she says the fact that the notice of hearing required by Sec. 440.-25(3) (a), F.S.A. was not given is proof that the proceeding was not a hearing upon which an order could be issued. The' grounds in the application for review filed by claimant with the Full Commission did not include these questions and the order of the Full Commission affirming the deputy did not discuss them.
At the outset we must point out that the subject statute includes no provision for “conferences” or pre-trial proceedings. This does not mean that conferences or pretrial procedures may not be held or that they might not be useful, but we doubt that they can be the basis for an order determining the rights of the parties unless the parties stipulate thereto or otherwise clearly waive their right to a hearing as provided by statute and the rules of the commission.
 Proceedings before a deputy commissioner are intended to be less formal than those in the courts. Sec. 440.29, F.S.A. provides that such proceedings shall not be bound by “technical or formal rules of procedure, except as provided by this chapter.” But this does not mean that the formalities of notice, hearing and the necessary introduction of competent substantial evidence which accords with logic and reason to support any order can be dispensed with in such proceedings.
In the instant proceeding the notice was a notice of a “conference” only with no indication of the subject thereof; there was no hearing in the sense in which the term is ordinarily used; and no evidence was offered or received. At best the proceedings amounted to a discussion between counsel for the parties and the deputy commissioner. This is not a proper basis or proceeding for the entry of an order ad-: judicating the rights of the parties in work-' men’s compensation proceedings.
It may well be that having asked .for a: conference on the matter of payment of: Dr. Rahilly’s bill the claimant can be said; to have waived any right to object to the subject order insofar as it settled that question and the related issue of transportation costs. But it seems to us that approving such a procedure as the basis for reaching an order adjudicating the rights of parties under the statute would establish a prece-' dent that could and would do far-reaching damage to the maintenance of orderly procedures in.such matters.
Thus for this reason the order of the deputy ought to be quashed.
There is another aspect of this cause which deserves discussion..
As pointed out by Justice Drew in Sanz v. Eden Roc Hotel, Fla.Sup., 140 So. 2d 104, “ * * * there may be numerous final orders in a workmen’s compensation case * * each of such orders, final *112 ly determining an issue which has matured and is ready for determination.
For example, if a claim is filed and the employer controverts, contending the injury is not compensable, it may be necessary to then adjudicate the question of compensa-bility and temporary compensation and medical benefits without waiting until the claimant has reached maximum medical recovery and permanent benefits can be determined.
If this could not be done the provision of the Act for temporary benefits would be rendered of no real value to an injured employee who must go through a long recovery period.
Another example would be a situation where a claimant, with an admittedly com-pensable injury, contends that the injury has caused a condition necessitating an immediate operation and the employer refuses to authorize the operation contending that the injury and the condition are not causally connected. A hearing to determine such issue would be proper, yet in all probability it would at such hearing be impossible to finally settle all issues involved.
In each of the examples above mentioned, and all like situations, any order entered would finally determine the issues presented and either party aggrieved would be entitled to then' have such order reviewed by the Full Commission and this Court. For the purpose of review such orders must therefore be considered to be final orders.
But this does not mean that either the claimant or the employer is entitled to have every issue or dispute between them adjudicated prior to that hearing which in most cases finally disposes of a claim by determining the extent of permanent benefits and all incidental issues.
The orderly and" efficient administration of the Act intends that there shall be only one hearing and one order settling-all issues involved in a claim, unless the circumstances are such that an issue has matured and is ready for decision, prior to the time that all issues could be finally settled, and that to refuse to adjudicate the issue when raised would prejudice the rights of either party or deny a claimant benefits offered under the Act at the time the benefits are needed.
In the instant case the employer-carrier had accepted the claim and injury as com-pensable, medical benefits had been tendered, and compensation was being paid. The claimant was not seeking an operation for she had already had it. She sought only to determine whether the carrier would pay for the operation she had at the hands of a doctor other than the one furnished by the carrier. The question of transportation costs crept in as a side issue and the question of attorney’s fees was injected by the deputy without request of either party.
While it might be that the matter of payment of the doctor’s bill had matured in the sense that the services represented had been performed and the doctor was entitled to he paid, there is nothing to indicate that to refuse to adjudicate it when raised at the “conference” would have in any way prejudiced the rights of either party or have denied the claimant any benefit offered by the Act. This matter could have waited for decision until the amount of temporary and permanent disability benefits and other related issues were presented for decision. It should not have been made the subject of an order by the deputy as was done.
An order having been entered, it decided the issue and unless the claimant wished to be bound thereby she was forced to seek review as she did.
This point illustrates why she should not have been allowed a determination of the question when she was at the conference, for by so doing she has burdened the commission’s machinery and this Court with proceedings that were completely unnecessary and should not have been permitted to have been begun. It takes no 'great *113 imagination to foresee the great damage that could be done and the increase of litigation that would result if hearings and orders are held and entered on issues that can, without damage to either party, be withheld for decision until the hearing which in most cases determines permanent benefits and ends the cause.
The only way to correct this situation in this case is to quash the subject order of the deputy which will leave the matters to be decided when the principal issues of disability benefits, and all issues related thereto, are properly presented to the deputy.
In fairness to the deputy herein we must point out that throughout the proceedings here involved he indicated by his statements that he was not conducting a hearing and that the issue raised by the claimant was one that ought to be decided later at a proper hearing on the principal issues still involved. Further, the record of the conference clearly indicates that the deputy intended that the order here under attack be something less than a decision on the matters discussed and more in the nature of a record for his own use at the hearing to be held later. Nevertheless, as the order was finally drawn it had the full force and effect of deciding the questions above mentioned as would any other such order.
For the reasons above expressed the order of the Full Commission is quashed and this cause is remanded With directions that the Full Commission enter an order quashing the order of the deputy commissioner and remanding the cause to him for further proceedings not inconsistent herewith.
It is so ordered.
ROBERTS, C. J., and TERRELL, THOMAS and THORNAL, JJ., concur.