DREW, Justice
(dissenting).
I think the full commission, and a majority of this Court, base their conclusion on an invalid premise. The award of the additional fee of $850.00 was not — as the full commission and this Court say — allowed by the deputy to claimant’s attorney “for benefits to claimant that were voluntarily paid and that an attorney was not necessary to collect them.” In the first place, the initial claim for compensation benefits was controverted by the employer. Therefore, I think, all the benefits to the employee flowed from the initial success of the attorney in his successful efforts to *276 establish, liability (parenthetically, in an unusual and novel situation). If the first payments of compensation were coerced— as they were — how can it be said that subsequent payments — for increased disability growing out of the same injury— were voluntarily paid?
Secondly, and of equal if not greater significance, is the fact that the original award of $350.00 was obviously interlocutory and for services — as stated in the order — “thus far in the proceedings.” When this order was entered, the full extent of claimant’s injuries were unknown. Therefore, the deputy was in no position to fully evaluate the value of the attorney’s services. Under all the cases the benefits to the client are a material element in fixing fees, and these are not generally known until the case has progressed considerably. This Court expressly recognized this problem in two recent cases.[1]
In fine, when the original minimum fee of $350.00 was awarded prior to the second operation, the disability was temporary, hence the benefits were nominal. After the second operation it was determined the injury was permanent, the loss of an eye entitling claimant to 175 weeks’ compensation — a' vastly increased benefit. The deputy then reconsidered his original interlocutory — or temporary — award in the light of these developments and concluded a total award of $1200.00 was reasonable for the total services in the total case. I think this was a wise and proper way to dispose of the matter- — one fair to both employer and employee — and that this conclusion is the only one lawfully deducible from the record. I would quash the full commission’s order and reinstate the award
HOBSON, (Ret.) J., concurs.

. In Sanz v. Eden Roc Hotel, Fla.1962, 140 So.2d 104, tlie following observation appears:
“The full commission has hold on several occasions that the deputy has the right to retain jurisdiction for the purpose of determining attorneys’ fees after the deputy has been able to determine the extent of compensation that will become payable to the claimant, which is one of the factors taken into consideration in assessing said fees. * * * ”
(Emphasis supplied.)
See also Blackwood v. Penwoven, Inc., Fla.1962, 140 So.2d 108.