413 So.2d 1276 (1982)
B.G. WILLIS PAINTING and Maryland Casualty Company, Appellants,
v.
B.G. WILLIS and the Division of Workers' Compensation, Appellees.
No. AD-388.
District Court of Appeal of Florida, First District.
May 18, 1982.
*1277 Jerry V. Wilkey, Coral Gables, for appellants.
Neil Chonin, and Joseph C. Segor, Miami, for appellees.
THOMPSON, Judge.
The employer/carrier (E/C) appeal a workers' compensation order, contending that the deputy commissioner (deputy) erred: (1) in refusing to exercise her § 440.33(2), Fla. Stat., powers to compel the attendance of subpoenaed witnesses, (2) in awarding additional nursing services in the absence of any showing that claimant's condition had changed, and (3) in ordering the E/C to pay claimant's wife for attendant care services which included the performance of ordinary household chores. Claimant cross-appeals, contending that the deputy should have awarded attendant nursing care services on a 24-hour-a-day basis. We agree that the deputy's failure to certify the E/C's non-appearing witnesses to the circuit court pursuant to § 440.33(2) was error.
Claimant sustained serious back and arm injuries in an industrial accident on March 24, 1976. On August 21, 1978 claimant was found to be permanently totally disabled, and the E/C was ordered to pay claimant's wife $75.00 per week for attendant nursing care services she was providing. On March 19, 1980 claimant filed the petition for modification requesting, inter alia, an increase in the award of attendant nursing care services. When the matter came on for hearing on August 27, 1980 the claimant became so emotionally distraught that the hearing had to be continued. The hearing was reconvened on March 2, 1981. The claimant testified that he continued to require the attendant nursing care services previously awarded, but that his wife was no longer able to provide the services due to her own declining health. The wife testified that she had been performing attendant nursing care services for claimant, including housework, but that she was no longer able to provide the care her husband needed. At the conclusion of this testimony, the hearing was again continued at the instance of the claimant.
When the hearing was again reconvened on March 18, 1981, the deputy received evidence of the value of attendant nursing care services. However, the hearing was again continued to allow claimant to adduce the testimony of his physician as to the amount and type of attendant nursing care services he required. At the conclusion of the March 18 hearing, the E/C announced *1278 their intention to present live testimony of their doctors, whereupon the deputy advised counsel for the E/C to depose the doctors unless he was certain they would appear, as she did not want any further delay.
When the hearing was convened for the fourth time, claimant tendered the deposition testimony of his doctor to the effect that claimant needed attendant nursing care services at the rate of eight hours per day, seven days per week. However, the claimant's doctor indicated that claimant did not need round-the-clock care, and that a portion of the eight hours per day care which he did need would be devoted to shopping, preparing and serving meals, and light housework. After tendering this deposition, the claimant rested, whereupon the E/C presented the live testimony of their psychiatrist. However, the other two doctors subpoenaed by the E/C failed to appear. Although the attorney for the E/C informed the deputy that he had personally spoken with the witnesses, and that they had assured him that they would honor their subpoenaes, the deputy refused to honor the attorney's request that the witnesses be certified to the circuit court for possible contempt proceedings, pursuant to § 440.33(2). The deputy stated that the hearing was in the nature of an emergency hearing, and reminded the attorney for the E/C of her previous warning and admonition to depose the doctors rather than attempting to produce them live. In her order, the deputy awarded attendant nursing care services on the basis of eight hours per day, seven days per week, at the rate of $8.00 per hour.
Although we understand the deputy's exasperation with the continuing delays, and her desire to conclude the matter, we find that she abused her discretion in refusing to continue the hearing and certify the recalcitrant witnesses. The record clearly demonstrates that the prior continuances were had at the instance of claimant, or were necessitated by claimant's conduct. The E/C had no opportunity to present their case until the final hearing and it was clearly the E/C's right to present their witnesses live, rather than by deposition, if they chose to do so. The E/C's attorney affirmatively represented to the deputy that the two non-appearing doctors had been duly subpoenaed, and that he and his secretary had spent hours in telephone communication with the doctors and their secretaries in order to insure their appearances. There is nothing more the attorney for the E/C could have done to assure the appearance of his witnesses, short of physically taking them to the hearing.
We also understand the disruption and inconvenience caused a working person who is obligated to respond to a subpoena. However, we note that doctors are well paid for their services in treating an injured worker, and are aware when they accept their fees for such services that the special knowledge they will gain through treating the worker may subsequently be required for a proper determination of the worker's claim for compensation. Seasons Restaurant v. Jordanas, 9 FCR 119 (1974), cert. denied, 312 So.2d 738 (Fla. 1975). We note also that the deputy failed to inquire as to why the doctors refused to honor their subpoenaes, even though she spoke by telephone with one of the doctors during the hearing. Under the circumstances, we find that the deputy's refusal to certify the witnesses to the circuit court was error.
We also find merit in the E/C's contention that the deputy erred in awarding eight hours per day of attendant nursing care services since the record clearly demonstrates that a portion of the eight hours will be spent shopping, cooking, and performing other ordinary household services. Such services, if performed for claimant by a spouse or other family member are considered gratuitous, and cannot form the basis of an award for attendant nursing care services. Pan American World Airways, Inc. v. Weaver, 226 So.2d 801 (Fla. 1969); State v. Handy, 413 So.2d 808 (Fla. 1st DCA, 1982). The claimant's wife testified that she is no longer able to do the lifting required in caring for her husband, and that "we had to get a maid service," but there is no evidence that she is unable *1279 to shop, cook or do light housework. Because the claimant's doctor also testified that some unspecified portion of the eight hours per day of attendant nursing care services would be devoted to housework, we find that the award of eight hours care per day has no support in the record. Accordingly, upon remand the deputy should determine the extent of claimant's need for bona fide attendant nursing care services, excluding any ordinary household services provided by claimant's wife.
REVERSED and REMANDED with directions.
JOANOS and WIGGINTON, JJ., concur.