464 So.2d 625 (1985)
Eileen VENABLE, Appellant,
v.
GRANDEUR ARABIANS and Florida Farm Bureau, Appellees.
No. AX-309.
District Court of Appeal of Florida, First District.
February 27, 1985.
Patrick O. Helm and Thomas W. Davis, Gainesville, for appellant.
Jack A. Langdon, Gainesville, for appellees.
MILLS, Judge.
Venable appeals from a workers' compensation order contending the deputy erred by failing to detail the factual basis for his findings regarding the employer/carrier's bad faith and Venable's average weekly wage. We agree. We do not reach two other issues raised by Venable *626 because it is necessary that we reverse and remand this case for the deputy to make adequate findings of fact.
The deputy's only findings of fact were (1) "I find that the employer/carrier is not guilty of bad faith," and (2) "that the claimant's average weekly wage was $183.33 plus $11.54 insurance and $74.41 per week housing and utilities or a total of $269.28 with a resulting compensation rate of $179.50." The figure of $74.41 for housing and utilities was the only disputed part of the average weekly wage.
An order making an award shall set forth the findings of ultimate fact. Section 440.25(3)(c), F.S. (1981). Ultimate facts are all those facts necessary to be found in a given case in order that the determination of the rights of the parties shall become a pure question of law. Brown v. Griffin, 229 So.2d 225 (Fla. 1969).
The function of this court, insofar as examination of the evidence is concerned, is to ascertain whether there is substantial competent evidence legally sufficient to support the findings made by the deputy whose decision is under examination.
It is impossible for the court to intelligently apply this rule unless the facts are stated with sufficient particularity to enable the court to determine just what facts were found by the deputy and then review the evidence as to those findings of fact which it is claimed were not supported by legally sufficient substantial competent evidence.
Without such findings of fact, this court would be required to abandon the substantial competent evidence rule and either try the case de novo on the record, without having had the benefit of seeing and hearing the witnesses, or devise some other rule by which to measure the scope of this review of the evidence.
A deputy commissioner should resolve all conflicts in the evidence upon material matters and make specific findings of fact sufficient to clearly show the basis of the award.
The statement of facts should be clear and unambiguous and should be sufficiently definite and detailed to enable the reviewing authority to test the validity under the law of the decision resting upon those facts.
There is a total absence of findings of fact to support the deputy's conclusions in the order before us. Without adequate findings of fact by the deputy, it is impossible for us to carry out our duties.
JOANOS and BARFIELD, JJ., concur.