JOANOS, Judge.
This is an appeal from a workers’ compensation order denying temporary total or temporary partial disability benefits. We reverse and remand the cause to the deputy to set forth those findings of fact upon which he based denial of benefits.
The deputy commissioner’s order states that the deputy has jurisdiction of the parties, that the claimant was injured by accident arising out of and in the course of his employment, that claimant was paid temporary partial disability benefits from July 11, 1983, to August 20, 1983, and that medical mileage and medical bills had been paid. With regard to the point here on review, the amended order states:
4. I find that the claimant has failed to carry his burden of proof to show that any lack of employment since August 13, 1983, is a result of his compensable injury rather than a result of non-injury related conditions. Accordingly, I find that the claimant is not entitled to any additional compensation benefits beyond August 13, 1983 and to the date of this Order.
The deputy provided no particulars in making his finding of no causal connection between claimant’s compensable injury and his lack of employment.
This court has held on a number of occasions that a workers’ compensation order shall set forth findings of ultimate facts. § 440.25(3)(c), Fla.Stat. (1981); Venable v. Grandeur Arabians and Florida Farm Bureau, 464 So.2d 625 (Fla. 1st DCA 1985); Ellerbee v. Concorde Roofing Co., 461 So.2d 206 (Fla. 1st DCA 1984) University of Florida v. Green, 395 So.2d 258 (Fla. 1st DCA 1981); Mobley v. Fulford Van & Storage, 390 So.2d 426 (Fla. 1st DCA 1980).
The deputy’s order is reversed and this cause is remanded to the deputy to make findings of fact with sufficient specificity *1330 to enable this court to determine how he arrived at his conclusion.
Reversed and remanded for further proceedings consistent with this opinion.
MILLS and BARFIELD, JJ., concur.