491 So.2d 1306 (1986)
Harold DELONG, Appellant,
v.
3015 WEST CORPORATION and Rockwood Insurance Company, Appellees.
No. BJ-423.
District Court of Appeal of Florida, First District.
August 5, 1986.
Ellen H. Lorenzen and Stephen L. Rosen of Morris & Rosen, P.A., Tampa, for appellant.
A. Dawn Hayes and James T. Earle of Earle & Thompson, St. Petersburg, for appellees.
SHIVERS, Judge.
The claimant in this workers' compensation case appeals the order entered by the deputy commissioner and raises two issues: (1) that the denial of his claim for attendant care constitutes reversible error; and (2) that the refusal to increase his average weekly wage as requested constitutes reversible error. We affirm in part, reverse, and remand.
The appellant/claimant suffered a compensable back injury on March 2, 1985, while working as the manager of a store which sells "adult" items, such as books, movies, and novelties. As part of his duties as manager, claimant was required to review each item as it arrived at the store so as to establish a sales price and to determine whether the item could legally be sold. According to claimant's testimony, when materials were found which could not be legally sold, the employer either burned them or allowed claimant to keep them free of charge. Claimant was qualified as an expert in determining the value of these items and testified that he kept approximately 12 books per week at a value of $3.50 each and approximately 10 magazines per week ranging in value from $4.00 to $30.00 each. The claimant stated that he collected these items and that he would have purchased them for himself had the employer not provided them free of charge.
As to the claim for attendant care, claimant testified that his wife had an epileptic condition which rendered her incapable of doing any type of housework. Therefore, the claimant had performed all household chores himself prior to his injury. After the injury, claimant's orthopedic surgeon *1307 recommended that claimant have complete bed rest and that he perform no household chores. Thus, claimant had hired his son's girlfriend, Ms. Wagner, at a rate of $100 per week plus room and board to cook, clean house, wash clothes, shop, do lawn work, drive claimant and his wife to doctor appointments, and assist claimant with his range of motion exercises. As of the hearing date, Ms. Wagner had lived at claimant's house for two months but claimant had not yet been able to pay her any money. The deputy commissioner's order denied both the claim for increased average weekly wage and for attendant care.
First, we affirm the denial of the request for increased average weekly wage based on the value of the illegal materials claimant was allowed to keep. Although certain non-cash tangible benefits of a real present day value may be included in the calculation of a claimant's average weekly wage[1], we feel that the category of allowable non-cash benefits should not be expanded to include items that cannot be legally purchased. As was stated in the deputy commissioner's order, the claimant could not have legally spent his own money to purchase these items since they could not be legally sold in the area. In any event, the evidence contained in the record fails to indicate that the items were given to claimant as consideration for his services, but only that the illegal items were either burned or given to the claimant because it was "too much of a hassle" for the employer to send them back to the wholesaler. On that basis alone, the materials would not be encompassed within the statutory definition of "wages" found in section 440.02(21), Florida Statutes (1985). See Imperial Bird Company and INA v. Beyer, 472 So.2d 877 (Fla. 1st DCA 1985).
We reverse, however, the deputy commissioner's denial of authorization for attendant care services. The general rule is that shopping, cooking, and other household services performed by a spouse or other family member are considered gratuitous and cannot form the basis for an award of attendant care services. Section 440.13(2)(d), Florida Statutes (1983); B.G. Willis Painting v. B.G. Willis, 413 So.2d 1276 (Fla. 1st DCA 1982). The attendant care in the instant case, however, was provided by claimant's son's girlfriend, not by a family member. Moreover, this case is similar to Walt Disney World Company v. Harrison, 443 So.2d 389 (Fla. 1st DCA 1983), in which the claimant was held to be entitled to compensation for attendant care provided by her mother and a friend, even though the services involved ordinary household chores, where the claimant ordinarily lived alone and the mother and friend substantially departed from their usual daily routine to care for claimant. In this case, Ms. Wagner moved to Florida from New York in order to care for the claimant.
Accordingly, the denial of claimant's request for increased average weekly wage is affirmed; the denial of the claim for compensation for attendant care by Ms. Wagner is reversed, and the matter is remanded for determination of the amount of benefits due the claimant.
ERVIN and THOMPSON, JJ., concur.
NOTES
[1] State of Florida, Department of Health and Rehabilitative Services v. Ryan, 381 So.2d 269 (Fla. 1st DCA 1980); Fair-way Restaurant v. Fair, 425 So.2d 115 (Fla. 1st DCA 1983).