MILLS, Judge.
This is a workers’ compensation appeal from an order granting, inter alia, temporary total disability and medical benefits. Howard Johnson’s and Aetna Life & Casualty Company (E/C) contend the order should be reversed and vacated on the grounds that the carrier was not represented at the hearing because of alleged excusable neglect. We find no error and affirm.
Pitchford, 57 years old, suffered a heart attack while working as a manager for a Howard Johnson’s restaurant on 11 March 1985. A hearing was held on her claim for compensation on 6 December 1985. The claimant and her employer were present at the hearing; however, the carrier failed to attend.
Thereafter, on 30 December 1985, an order was entered which found Pitchford’s heart attach was a compensable injury arising out of and in the course and scope of her employment, due to unusual stress and strain she was required to undergo. As a result of this finding, the deputy commissioner ordered the E/C to pay to Pitchford all of her incurred medical expenses related to the industrial injury, authorized Dr. Po-coski to continue to treat Pitchford as he deems necessary, required the E/C to pay temporary total disability benefits from the date of the accident and continuing until Pitchford has reached maximum medical improvement, and ordered the E/C to pay costs.
Following this, on 22 January 1986, the E/C filed a motion for rehearing and a motion to vacate the order, raising the ground of excusable neglect. The deputy denied the motion and this timely appeal then ensued.
The carrier’s chief complaint herein is that the notice of hearing was erroneous *953 ly sent to a Tampa office when their Jacksonville office was handling the claim, and thus they were deprived of proper notice. This argument ignores the fact that Pitch-ford’s initial claim was sent to the Tampa office and was subsequently received in Jacksonville, as evidenced by the timely claim acknowledgment and notice to controvert sent to the claimant.
The carrier’s statement that “for some unknown reason” neither their Tampa.office nor the employer notified the Jacksonville office of the hearing date is not sufficient evidence to establish excusable neglect. Pitchford’s initial claim, as well as the December order, were sent to Tampa and obviously were transferred in due course to Jacksonville. Some explanation should have been offered as to why the notice of hearing was not also sent to Jacksonville.
Additionally, the notice of injury form provided by the carrier in the instant case contained a printed address locating the carrier in Tampa, Florida. If this was incorrect, the carrier should have informed the deputy commissioner after receiving and processing the initial claim via their Tampa location. Instead, nothing was done to put the deputy commissioner on notice that the carrier’s Jacksonville office was in fact handling Pitchford’s claim.
Rule 4.141(b) of Florida’s Workers’ Compensation Rules of Procedure allows a deputy commissioner to vacate an order which has not yet become final on the grounds of inadvertence, mistake or excusable neglect. Threat v. Rogers, 443 So.2d 149 (Fla. 1st DCApp 1983). However, it is within the deputy commissioner’s discretion to determine whether the facts of a particular case constitute one of these grounds, and unless an abuse of discretion can be demonstrated, the deputy commissioner’s decision must be affirmed on appeal. Id. Under the circumstances of this case, as outlined above, we find no abuse of discretion has been demonstrated and affirm the deputy commissioner’s order.
Affirmed.
BOOTH, C.J., and WENTWORTH, J., concur.