516 So.2d 1121 (1987)
BEE GEE SHRIMP, INC. and Northbrook Property & Casualty, Appellants,
v.
Petra CARRERAS, Appellee.
No. BS-472.
District Court of Appeal of Florida, First District.
December 21, 1987.
Richard H. Weisberg and Michael N. Hutter, of Cooper, Rissman, Weisberg, Barrett & Hurt, P.A., Orlando, for appellants.
Bill McCabe, of Shepherd, McCabe and Cooley, Orlando, and Thomas Cassidy, of Smith, Cassidy, Platt & Harris, P.A., Lakeland, for appellee.
WIGGINTON, Judge.
This cause is before us from an order of the deputy commissioner denying the employer/carrier's *1122 motion to vacate a prior order imposing sanctions, determining claimant's average weekly wage, and awarding the claimant medical benefits. We reverse.
On July 21, 1986, the employer/carrier filed a notice to controvert claimant's alleged industrial injury. On that same day, claimant, by and through her attorney, filed a formal claim. Later, on October 30, claimant filed an application for hearing.
On January 5, 1987, the deputy commissioner ordered the employer/carrier and claimant's attorney to set a pretrial conference. The letter specifically directed counsel for claimant to call the carrier to determine who would be representing the employer/carrier.
Thereafter, on January 19, claimant's counsel wrote a letter to the carrier's adjuster requesting the adjuster to advise him as soon as possible of the names of the carrier's attorneys who would be handling the matter so that a pretrial conference might be scheduled with his office. The record does not reflect any response to that letter. However, certain of the deputy commissioner's notes reflect that on February 2, 1987, his office called the carrier to inquire of the name of its attorney, but received no answer. The next day, the deputy commissioner's office sent an "Order and Notice of Hearing" to all parties which specifically requested the employer and the carrier to notify their attorney immediately. On February 4, counsel for the employer/carrier filed a Notice of Appearance with the Division of Workers' Compensation.
Subsequently, on February 19, a pretrial conference was held before the deputy, whose notes reflect that no one attended on behalf of the employer/carrier. As a result thereof, the deputy entered an order on February 27 striking the employer/carrier's defenses as a sanction for their failure to attend[1] and finding claimant entitled to payment by the employer/carrier of her outstanding medical bills, as well as to evaluation and treatment by an orthopedic surgeon or hand specialist. The order also found that claimant had not reached maximum medical improvement and determined her average weekly wage.
Upon receipt of the deputy's order, the employer/carrier filed a "Motion to Vacate, Remove Sanctions and Application for Hearing." The motion was denied, the deputy finding that his earlier orders had been "ignored," and that not only had claimant been frustrated but also that the functions of his office had been frustrated by the employer/carrier's delinquency.
Although it is indeed within the deputy's discretion to determine whether the facts of a particular case constitute excusable neglect, mistake, or inadvertence, so as to support a motion to vacate a compensation order,[2] we hold that in the instant case the deputy abused his discretion and that the sanctions imposed for the employer/carrier's failure to appear were unduly harsh. There has been no showing that the employer/carrier arbitrarily or wilfully disobeyed an order of the deputy commissioner; rather, their failure to attend the pretrial conference was apparently the result of a simple misunderstanding. Since the Notice of Appearance was not filed by the employer/carrier until February 4, 1987, and since it was filed with the division, it was not available, in hand, when the deputy sent out the Order and Notice of Hearing on February 3. Consequently, that order was not served on counsel for the employer/carrier. Further, as the carrier had retained counsel, it assumed, albeit incorrectly, that any notice of pretrial conference or notice of hearing would be served directly on its attorney, and accordingly did not forward the February 3 notice to counsel.[3]
*1123 Additionally, we find improper the deputy's entering an order on the merits at the pretrial conference. We reemphasize our position taken in Geiger-Ricketts Dev. Co. v. Alsman, 499 So.2d 40 (Fla. 1st DCA 1986), that the Florida Workers' Compensation Rules of Procedure do not provide for the entry of a default or judgment thereon. There is no presumption that a claimant whose claim has been controverted is entitled to the benefits requested in the absence of any evidence, and, despite the fact that the employer/carrier may fail to be present at the hearing, the claimant still has the burden of presenting competent and substantial evidence from which the deputy could determine such entitlement. Moreover, in light of the supreme court's opinion in Blackwood v. Penwoven, Inc., 140 So.2d 108 (Fla. 1962), we seriously doubt that a pretrial conference can be the basis for an order determining the rights of the parties absent a stipulation to that effect or an otherwise clear waiver of their right to a hearing. As was held in Blackwood, the informality of the proceedings before a deputy commissioner "does not mean that the formalities of notice, hearing, and the necessary introduction of competent substantial evidence which accords with logic and reason to support any order can be dispensed with...." 140 So.2d at 111.
In the instant case, the only notice was a "conference," during which the only "evidence" before the deputy commissioner consisted of pleadings and some unauthenticated emergency room reports. The deputy has made no finding in his order as to the compensability of claimant's injury and we can glean no evidence of such from the record. The order on its face is deficient, as lacking adequate findings, rendering it impossible for this Court to carry out its duty of review,[4] and certainly is not based on competent and substantial evidence in accord with logic and reason.
Accordingly, we reverse the deputy's order denying the employer/carrier's motion to vacate the order of March 10, 1987, and remand the cause for further proceedings.
BOOTH and BARFIELD, JJ., concur.
NOTES
[1] See Fla. W.C.R.P. 4.100(b).
[2] Threat v. Rogers, 443 So.2d 149 (Fla. 1st DCA 1983).
[3] Compare Howard Johnson's v. Pitchford, 496 So.2d 951 (Fla. 1st DCA 1986), wherein it was held that the deputy commissioner did not abuse his discretion in denying a motion to vacate on grounds of excusable neglect, since the carrier failed to explain why the notice of hearing, sent to the carrier's Tampa office, was not forwarded to the Jacksonville office as had been done with the initial claim and a prior order. It was also shown that the carrier probably precipitated the miscommunication by providing the Tampa address, as opposed to the Jacksonville address.
[4] Venable v. Grandeur Arabians, 464 So.2d 625, 626 (Fla. 1st DCA 1985).