ERVIN, Judge.
Bell Brokerage Company appeals from an award of compensation benefits in which the judge of compensation claims (JCC) increased the amount of claimant’s average weekly wage (AWW) to include the value of damaged food stuffs and manufacturers’ food samples, and the value of the company car that claimant used for personal as well as business purposes. We approve the JCC’s order as it pertains to the company car, but reverse that portion of the order that includes the value of food items in claimant’s AWW.
Claimant, Roberto Quintero, was formerly a salesman for food broker Bell Brokerage. When retail stores returned damaged goods to Bell Brokerage for credit, e.g., dented cans, crushed frozen dinners, or cans with missing labels, claimant took such items home for his personal use. In addition, claimant took home samples of food products provided by the manufacturers. The president of Bell Brokerage testified that he did not permit his employees to appropriate damaged goods for their own use, but that he did give them food samples.
Although a claimant may in some cases be entitled to include noncash fringe benefits in a calculation of AWW, the value of damaged food items and food samples in this case should not be included. This court has stated that such benefits must be provided to the claimant as consideration for services performed on behalf of the employer in order to qualify as “wages” under Section 440.02(21), Florida Statutes (1987). Delong v. 3015 West Corp., 491 So.2d 1306 (Fla. 1st DCA 1986); Imperial Bird Co. v. Beyer, 472 So.2d 877 (Fla. 1st DCA 1985). In this case, as in Delong, no wage-type value could be assigned the materials. The claimant could not have used his own funds to purchase the damaged food items, because many of them, if not all, could not be legally sold.
Moreover, although the manufacturers’ food samples could arguably be characterized as part of the employer’s compensation to its employees, section 440.02(21) provides that "the reasonable value of such compensation shall be the actual cost to the employer.” (Emphasis added.) The food samples that Bell gave his salespeople were given to him by the manufacturers, therefore, there was no cost to the employer.
For the above reasons, we affirm in part, reverse in part, and remand the case with directions that the JCC reduce the claimant’s AWW by the $25.00 attributed to the value of the food items.
WENTWORTH and WIGGINTON, JJ., concur.