582 So.2d 1182 (1990)
UNIVERSITY OF MIAMI MEDICAL SCHOOL and Aetna Casualty & Surety Company, Appellants,
v.
Lin SINGLETON, Appellee.
No. 90-01215.
District Court of Appeal of Florida, First District.
December 14, 1990.
Rehearing Denied July 23, 1991.
Kimberly A. Hill of Conroy, Simberg & Lewis, P.A., Hollywood, for appellants.
Mark L. Zientz, Miami, for appellee.
PER CURIAM.
This cause is before us on appeal from a workers' compensation order awarding temporary total disability (TTD) benefits from March 1, 1988 through November 14, 1988, plus statutory penalties and interest on the late payment of benefits awarded. On appeal, the employer and carrier (E/C) dispute the inclusion of claimant's tuition waiver and the monies she received from a state scholarship fund in calculating her average weekly wage (AWW).
Claimant is a 34-year-old graduate student, employed as a graduate lab assistant by the Department of Biochemistry at the University of Miami. On February 2, 1988, she was exposed to toxic fumes while working in the school lab, resulting in pulmonary impairment for which she remains under active medical treatment. E/C paid TTD from March 1, 1988 through November 14, 1988 at a rate of $138.84 per week.
At the hearing to determine the proper amount of TTD benefits, claimant testified that in addition to the $833.33 salary, she received two onetime payments of $5,000 each from the Florida Graduate Scholars Fund for her academic expertise and tuition reimbursement worth $598 a month. In his amended final order, the judge found claimant had total monthly earnings as a lab assistant of $1,848, including a salary of $836.33 per month, tuition reimbursement of $598 per month, and a lump-sum award of $5,000, equalling $416.67 per month. He therefore found claimant's proper AWW to be $426.46.
We reverse the judge's order based on Bell Brokerage Co. v. Quintero, 556 So.2d 793, 794 (Fla. 1st DCA 1990). In Bell at 794, this court held that "benefits must be provided to claimant as consideration for services performed on behalf of the employer in order to qualify as `wages.'" See also § 440.15(2), Fla. Stat. (TTD based on percentage of AWW); § 440.02(23) ("wages" means money rate and any other consideration given for service rendered); *1183 Delong v. 3015 West Corp., 491 So.2d 1306, 1307 (Fla. 1st DCA 1986); Imperial Bird Co. and INA v. Beyer, 472 So.2d 877 (Fla. 1st DCA 1985).
In the instant case, the judge erred in his calculation of monthly earnings. Claimant received a $9,000-per-year stipend and free tuition for being a graduate student in the Department of Biochemistry. However, the lump-sum award of $5,000 was given to claimant by the State for her academic excellence and was not based on any services rendered on the employer university's behalf.
Moreover, both Rudolf K. Werner, Chairman of the Graduate Studies Committee of the Department of Biochemistry and Molecular Biology, and Robert W. Rubin, Vice Provost for Research and Deputy Dean for Research and Graduate Studies in the School of Medicine, stated in signed affidavits that the department policy is that the student notify the department of any extramural support received, and the department would then reduce the amount of the stipend received by the student by the amount of that outside support. In the instant case, the department had no knowledge of the $5,000 scholarship claimant received from the Florida Graduate Scholars Fund. Had the department been made aware of the scholarship, it would have reduced claimant's stipend by that amount. Instead, claimant received both the full amount of the stipend for her work and the full scholarship, which was outside the scope of her employment with the University of Miami as a graduate student. Accordingly, the order of the judge of compensation claims is reversed and the cause remanded with directions to exclude claimant's scholarship from the AWW calculation.
SHIVERS, C.J., and BOOTH and ALLEN, JJ., concur.