653 So.2d 507 (1995)
Robert PLOUFFE, Appellant,
v.
LAKE COUNTY SHERIFF'S OFFICE and Gallagher Bassett, Appellees.
No. 94-3137.
District Court of Appeal of Florida, First District.
April 24, 1995.
*508 David C. Wiitala of Wiitala & Contole, P.A., North Palm Beach, for appellant.
Ronson J. Petree of Moore & Peterson, P.A., Orlando, for appellees.
ZEHMER, Chief Judge.
The Claimant, Robert Plouffe, appeals that portion of a workers' compensation order denying his request by motion for the imposition of sanctions against the Employer/Servicing Agent for their alleged failure to cooperate in good faith mediation with the Employee Assistance and Ombudsman Office (EAO) pursuant to section 440.191, Florida Statutes (Supp. 1994). We affirm the ruling that this section does not confer upon a judge of compensation claims authority to impose sanctions for a party's failure to attempt to resolve disputes in good faith or to cooperate with EAO efforts to resolve disagreements between the parties; nor can this power be implied from any other provision of chapter 440 or the Workers' Compensation Rules of Procedure.
We reject Claimant's contention that section 440.33, authorizing a judge of compensation claims to do all things conformable to law that may be necessary to discharge the duties of his or her office, should be read to empower the judge to impose sanctions for derelictions in proceedings transpiring before a petition for benefits has been filed with the judge of compensation claims. Equally unavailing to Claimant is rule 4.150 of the Workers' Compensation Rules of Procedure, because the servicing agent in this case did not defy an order of the judge. Section 440.191 authorizes the EAO to compel parties to attend conferences, and precludes a claimant from filing a petition for benefits until exhausting the procedures authorized under this section, but it does not provide for imposition of any sanctions against a party that does not participate in good faith. If the Legislature truly intends these procedures to be meaningful *509 and effective, it should address this omission.[1]
AFFIRMED.
BARFIELD, J., and SHIVERS, Senior Judge, concur.
NOTES
[1] In view of this disposition, it is not necessary to consider whether the order errs in ruling that the Employer and Servicing Agent did not act in bad faith.