660 So.2d 1065 (1995)
HORIZON HEALTHCARE and U.S.F. & G., Appellants,
v.
Ann MURPHY, Appellee.
No. 93-3336.
District Court of Appeal of Florida, First District.
July 17, 1995.
Rehearing Denied October 17, 1995.
John P. Brooks of Moore & Peterson, P.A., Orlando, for appellants.
Richard S. Thompson, Orlando, and Bill McCabe, Longwood, Mary Ann Stiles and Robert J. Grace, Jr. of Stiles, Taylor & Metzler, P.A., Tampa, amicus curiae, for appellee.
PER CURIAM.
Horizon Healthcare and USF & G (together "employer") appeal a workers' compensation order imposing sanctions on the employer for violation of a local rule. We reverse because the imposition of sanctions amounted to an abuse of discretion.
Ann Murphy (Murphy) is a fifty-year-old nurse's assistant. She injured her back in an industrial accident on February 27, 1992, at the Fountain Nursing Home, when she attempted to lift an obese patient who had fallen from a wheelchair. The judge of compensation claims (JCC) required the parties, by written order, to file a prehearing memorandum two full working days prior to their hearing. The employer admits that it failed *1066 to timely file its memorandum. The JCC struck the employer's defenses and the deposition of chiropractic physician Dougherty as sanctions. He awarded Murphy temporary total disability (ttd), and chiropractic medical care.
The JCC clearly has authority to issue the instant order. § 440.33(1), Fla. Stat. (1991). Section 440.33(1) provides:
Powers of judges of compensation claims.
(1) The judge of compensation claims may preserve and enforce order during any such proceeding; issue subpoenas for, administer oaths or affirmations to, and compel the attendance and testimony of witnesses, or the production of books, papers, documents, and other evidence, or the taking of depositions before any designated individual competent to administer oaths; examine witnesses; and do all things conformable to law which may be necessary to enable him effectively to discharge the duties of his office. Whenever a law requires an order of a court of competent jurisdiction for the obtention of medical or hospital records, an order of a judge of compensation claims entered for such purposes shall be deemed to be an order of a court of competent jurisdiction.
(Emphasis added.)[1]See also Fla.R.Work. Comp.P. 4.100. The JCC also clearly has authority to impose sanctions. § 440.33(1), Fla. Stat.; Fla.R.Work.Comp.P. 4.150. Florida Rule of Workers' Compensation Procedure 4.150, provides:
SANCTIONS

Failure to comply with the provisions of these rules or any order of the judge of compensation claims may subject a party to reprimand, striking of briefs or pleadings, denial of oral argument, dismissal of proceedings, imposition of costs, attorney fees, or such other sanctions as the judge of compensation claims shall deem appropriate.

(Emphasis added.)
We nevertheless agree with the employer that the instant sanctions are an abuse of the JCC's discretion. Bee Gee Shrimp, Inc. v. Carreras, 516 So.2d 1121 (Fla. 1st DCA 1987). There is competent, substantial evidence to support the conclusion that the employer's attorney deliberately ignored the JCC's order.[2] Brooks, the employer's lawyer, admits that opposing counsel's memorandum was served on him the day he filed his own memorandum, and that he read Murphy's memorandum; he avoids stating in his reply brief that he did not read Murphy's *1067 memorandum before filing his own.[3] The JCC nevertheless found that Brooks had the opportunity to fully explore Murphy's case before crafting his final defenses. The record however shows that the employer's theory of defense did not change after Murphy's memorandum was served. We conclude that it was an abuse of the JCC's discretion to impose the instant sanctions, which were unduly harsh under the circumstances of this case.
The employer also argues that temporary total disability (ttd) benefits and alternative chiropractic care cannot be awarded to Murphy. We decline to address these issues, instead remanding to the JCC for a full hearing, in which the attorneys timely shall comply with the JCC's order.
We thus affirm in part, reverse in part, and remand.
LAWRENCE, J., concurs.
ALLEN, J., specially concurs with opinion.
BENTON, J., concurs with opinion.
ALLEN, Judge, specially concurring.
The per curiam opinion fails to address the state constitutional challenge to the authority of the supreme court to promulgate rules of practice and procedure before judges of compensation claims. I would reject the challenge because it was implicitly considered and rejected by the supreme court in In Re Workmen's Compensation Rules of Procedure, 343 So.2d 1273 (Fla. 1977).
I concur in the result of the per curiam opinion because I agree that the judge had authority to require the filing of memoranda prior to the hearing, but that the sanctions amounted to an abuse of discretion under the facts of this case.
BENTON, Judge, concurring.
I concur in the judgment of the court. Counsel failed to comply with a lawful order of the judge of compensation claims. The order requiring that memoranda be filed was authorized by section 440.33(1), Florida Statutes (1993), whether or not any other authority would have given or did in fact supply other (superfluous) authorization. The case can therefore be decided without reaching any constitutional question. Although I would not make findings of fact for the first time on appeal, I agree that, even indulging very generous assumptions in support of the sanction imposed below, it was unjustified and should be overturned.
NOTES
[1] Section 440.33(2) provides: "If any person in proceedings before the judge of compensation claims disobeys or resists any lawful order ... the judge of compensation claims shall certify the facts to the court having jurisdiction in the place in which it is sitting, which shall thereupon ... punish ... in the same manner and to the same extent as for contempt... ." The Florida Supreme Court, in Kirk v. Publix Super Markets, 185 So.2d 161 (Fla. 1966), held that a deputy commissioner lacks authority to dismiss a claim and should certify enforcement problems to the circuit court for sanctions pursuant to section 440.33(2). The Florida Supreme Court however subsequently adopted rule 4.150, observing that its then-new power to adopt rules is expressly granted by amendment to section 440.29(3), Florida Statute. In re Florida Workers' Compensation Rules of Procedure, 374 So.2d 981 (Fla. 1979) (adopting rules); see also John Gaul Constr. Co. v. Harbin, 247 So.2d 33, 35 (Fla. 1971) (holding that the judge of industrial claims has authority to dismiss a claim, and noting that resort to circuit court for contempt proceedings is "inappropriate in certain instances as unnecessarily cumbersome, delaying, expensive, circuitous and out of harmony with the expeditious objectives sought to be achieved in the early processing of workmen's compensation claims"). This court regards certification to circuit court as a discretionary matter. B.G. Willis Painting v. B.G. Willis, 413 So.2d 1276 (Fla. 1st DCA 1982) (holding that the deputy abused her discretion in failing to certify the employer's nonappearing subpoenaed witness to circuit court for contempt proceedings).
[2] The employer's lawyer, Brooks, admitted at the hearing below that he had repeated notice of the memorandum requirement; and that he was aware that the sanction for failure to timely file the memorandum included dismissing the claim, and striking defenses. Brooks testified that he failed timely to file the memorandum because his secretary failed to put it on his calendar, he was technically on vacation, and he therefore forgot about it. Brooks denied that his failure was intentional. While the JCC did not make an express finding that Brooks's failure to file a prehearing memoranda was deliberate, in view of repeated notice in the instant case, the JCC obviously found Brooks's testimony lacking in credibility.
[3] The implication seems to be that Brooks reviewed Murphy's memo before filing his own, but made no changes in his own as a result.