DAVIS, Judge.
Appellants, Costa Broom Works, Inc. and Wausau Insurance Co. (employer and carrier, respectively, hereinafter e/c), appeal a *346 final order determining claimant Miguel Feli-ciano’s entitlement to wage loss benefits from February 2, 1994, and continuing. There is no dispute over the compensability of the shoulder injury Mr. Feliciano received on July 28, 1987. However, e/c controverted claimant’s claim for benefits based upon the defenses that claimant had failed to undertake a good faith work search or that he was voluntarily limiting his income. Because we hold that the JCC erred by denying the motion for continuance and holding the final hearing and entering the final order without ruling upon e/c’s pending motions for discovery, we reverse the final order and remand for further proceedings consistent with this opinion.[1]
E/C sought discovery of various bank and business records, as well as personal tax returns, documents relating to claimant’s rehabilitation efforts, and deposition testimony of witnesses who purportedly would testify regarding the claimant’s efforts at selling used cars at auction. E/C allege that the amount of time claimant was spending in the used car sale business was relevant to a determination of whether he was actually engaged in a good faith work search, and alternatively, that those entrepreneurial efforts constituted a voluntary limitation of income. They now assert that the JCC erred by denying their motion for continuance, holding the merits hearing, and entering the final order, without ruling on their several pending motions to compel discovery which they allege would have been relevant to those defenses.
The JCC entered one order granting discovery of the rehabilitation records on the same day he issued his final order granting benefits to the claimant. He purported to enter a second order granting additional discovery after the notice of appeal had been filed. The second order appears to have been entered while the JCC was divested of jurisdiction, since one of the issues in this appeal was the propriety of entering the final order without having ruled on that motion to compel discovery. See Fla.R.Work.Comp.P. 4.160(f).[2]
We are unable to ascertain from the record if the JCC abused his discretion by entering the final order without first permitting the requested discovery because there is no basis to determine the relevance of the discovery to the underlying proceeding. Cf. B.G. Willis Painting v. B.G. Willis, 413 So.2d 1276 (Fla. 1st DCA 1982) (JCC erred in denying continuance when properly subpoenaed witnesses necessary to e/c’s ease had failed to appear). It appears, however, that the JCC erred by failing to continue the final hearing until he had ruled on the e/c’s right to obtain the requested discovery. These motions were pending before the court, were ripe for determination, were not resolved by the final order, and there was no indication that the JCC implicitly intended to deny the e/c’s motions to compel discovery by denying the continuance and entering the final order which did not address the motions. Cf. Kaplan Industries, Inc. v. Rowlett, 565 So.2d 404 (Fla. 1st DCA 1990). Indeed, the January 4, 1995, order granting in part the e/c’s motion to compel discovery recited that the JCC had failed to rule on it earlier through inadvertence.
Accordingly, we REVERSE the final order and remand to the JCC for further proceedings. The JCC may reconsider the orders concerning the motions to compel discovery, particularly in view of the fact that the January 4th order appears to have been entered without jurisdiction. See Fla.R.Work. Comp.P. 4.160(f). If the JCC determines that none of the materials sought in discovery are relevant to the issues raised below, he may reinstate the previously rendered final order without holding a new merits hearing. If, on the other hand, the JCC concludes that the e/c are entitled to take the requested discovery in preparation of the defenses they have properly asserted, addi *347 tional proceedings shall be had on the merits of Mr. Feliciano’s claim after the completion of discovery.
ALLEN, J., and SHIVERS, Senior Judge, concur.

. We decline to reach any of the other issues asserted on appeal or in the cross-appeal, because the issues may be rendered moot by the resolution of this case on remand.

. Neither parly has raised this jurisdictional question, so we note it sua sponte. In view of the resolution of this case, the fact that the JCC arguably lacked jurisdiction when the January 4, 1995, order was entered is not determinative of any of the issues.