SHIVERS, Senior Judge.
Winn Dixie Store and Crawford & Company (collectively, the “E/C”) appeal a workers’ compensation order awarding ongoing medical benefits for claimant’s diabetic condition and interest on certain hospital bills. On appeal, the E/C does not contest its obligation to pay for treatment of claimant’s diabetic condition during the hospitalization related to his right leg injury. However, it does contest the Judge of Compensation Claims’ award of such benefits following the claimant’s recovery from his leg injury. Relative to that award, the record reflects that, upon claimant’s motion (filed after the close of his case), the Judge of Compensation Claims (“JCC”) struck the E/C’s defenses that the claimant’s diabetic condition was “personal” and “preexisting.” Finding that the sanction which the JCC imposed was too harsh under the circumstances, we reverse, in part.
In a pretrial stipulation filed eight months prior to the date of claimant’s motion to strike, the claimant had raised, for the JCC’s determination, the issue of whether his diabetic condition was causally related to the *498 industrial accident. Pursuant to instructions given by the JCC at the pretrial conference, the E/C had been required to provide a supplemental letter within 30 days indicating its position vis-a-vis the diabetes issue. At hearing on the motion to strike, the E/C’s counsel was unable to produce a copy of the letter.
The record does not reflect that the E/C’s omission was due either to willful disregard or to excusable neglect. Nor does it reflect that the claimant made any effort to obtain the E/C’s prior compliance with the JCC’s instructions. Nonetheless, the E/C’s defenses were stricken due to its failure to provide the letter. Later — after the E/C had closed its case — the JCC indicated that he had, in fact, considered the originally-stricken defenses in rendering his final decision.
Under these circumstances, we find that the sanction imposed by the JCC was too severe. Cf. Horizon Healthcare v. Murphy, 660 So.2d 1065 (Fla. 1st DCA 1995) (where employer’s attorney deliberately ignored the JCC’s order requiring timely cross-filings of memoranda, JCC was authorized to strike the E/C’s defenses pursuant to Fla.R.Work. Comp.P. 4.150; however, sanction was too severe in light of fact that employer’s theory of defense did not change, even if he had the benefit of reading claimant’s memorandum prior to filing his own); Bee Gee Shrimp, Inc. v. Carreras, 516 So.2d 1121 (Fla. 1st DCA 1987) (imposition of sanction striking E/Cs defenses for failure to attend pretrial conference constituted abuse of discretion in absence of showing that E/C arbitrarily or wilfully disobeyed deputy commissioner’s order). But cf. Holiday Inn v. Re, 643 So.2d 13 (Fla. 1st DCA 1994) (exclusion of surveillance videotape upheld where record supported finding of E/C’s willful violation of discovery rules in failing to offer tape to claimant’s attorney until October, 1992, even though tape was available and had been requested in May of 1992, and had already been provided by E/C for viewing by claimant’s treating physician). Even though the sanction was subsequently withdrawn, the JCC’s actions in this regard appear to have caused prejudicial confusion in the presentation of the E/C’s case as it related to the diabetes issue.
On the issue of the Parkway Hospital bills, the record reflects competent, substantial evidence supporting the JCC’s award of interest on those bills. Accordingly, the order under review is AFFIRMED, in part, as to the JCC’s award of interest on the hospital bills. It is REVERSED and REMANDED in part for further proceedings, including but not limited to allowing the E/C to present evidence relating to its “preexisting” and “personal” defenses.
KAHN and DAVIS, JJ., concur.