854 So.2d 258 (2003)
Gabrielle Heather FRIX, Appellant,
v.
ALL STATE INSURANCE and ITT Specialty Risk, etc., Appellees.
No. 1D02-2771.
District Court of Appeal of Florida, First District.
September 12, 2003.
Christine Franco, Tampa and Bill McCabe, Longwood, for Appellant.
Jimmie Butler of Barbas, Weed, Koenig, Nunez & Wheeley, Tampa, for Appellees.
PER CURIAM.
We affirm, because, as found by the JCC, the Appellees' failure to make payment of a settlement reached under section 440.20(11)(c), Florida Statutes, within 14 days of the JCC's mailing of her order approving Appellant's attorney's fees was not willful. We write only to dispel the misconception that sanctions in such case can be imposed on a non-fault basis under section 440.20(11)(c), and to dispel any doubt pertaining to a JCC's authority or jurisdiction to impose sanctions for late payment of settlements under such section for a willful violation.
*259 Under section 440.20(11)(c), which requires that "[p]ayment of the lump sum settlement amount must be made within 14 days after the date the judge of compensation claims mails the order approving the attorney's fees," a JCC has the authority and jurisdiction to impose sanctions for a late payment of a settlement reached pursuant to such section. See Fla. R. Work. Comp. P. 4.150. However, sanctions under this rule can be implemented only upon a showing of willfulness. Winn Dixie Stores v. Lang, 673 So.2d 497 (Fla. 1st DCA 1996); Horizon Healthcare v. Murphy, 660 So.2d 1065 (Fla. 1st DCA 1995); Hanna v. Indus. Labor Serv., Inc., 636 So.2d 773 (Fla. 1st DCA 1994).
Here, the JCC, as an alternate basis for denial of Appellant's motion for sanctions, found that Appellees' failure to make timely payment was not willful. Appellant has failed to show the JCC abused her discretion by this factual determination, which impels an affirmance.
AFFIRMED.
BENTON, PADOVANO and BROWNING, JJ., concur.