882 So.2d 1114 (2004)
AMERIMARK, INC. d/b/a Reynolds Building Products and Gates McDonald, Appellants,
v.
Richard HUTCHINSON, Appellee.
No. 1D03-5054.
District Court of Appeal of Florida, First District.
September 27, 2004.
Joanne M. Prescott and Pamela L. Foels of Zimmerman, Kiser & Sutcliffe, P.A., Orlando, for Appellants.
Daniel L. Hightower and Kenneth M. Hesser of Daniel L. Hightower, P.A., Ocala, for Appellee.
PER CURIAM.
This is an appeal from a workers' compensation order imposing sanctions on Amerimark Inc., employer/carrier (E/C), for its failure to comply timely with the terms of its joint stipulation, which agreed that certain compensation benefits would be paid within 14 days after the agreement was approved.[1] Because the judge of compensation claims (JCC) failed to decide whether the untimely payment was willful, as required by Frix v. All State Insurance, 854 So.2d 258 (Fla. 1st DCA 2003), we reverse the order of sanctions and remand the case with directions that further proceedings be conducted for such purpose.
*1115 The JCC approved the parties' stipulation on March 25, 2003, and the E/C mailed the payment to its attorney on April 8, 2003, or 14 days thereafter. After receiving the checks on the 24th day, the E/C's attorney placed them in the mail that same day, addressed to claimant's attorney. As the JCC correctly observed in his order awarding penalties and interest, it is the date checks of payment are placed in the mail that determines a payment's timeliness. See Clay Hyder Truck Lines v. Atherton, 400 So.2d 1295 (Fla. 1st DCA 1981). The JCC concluded that the payments were late, because they were sent on the 14th day to the E/C's counsel rather than to claimant or his counsel. See Paver Dev. Corp. v. McDevitt, 419 So.2d 1156 (Fla. 1st DCA 1982). The JCC acknowledged that had the E/C sent the checks directly to claimant or his attorney on April 8, 2003, payment would have been deemed timely, under Clay Hyder.
The JCC abused his discretion by imposing sanctions without deciding whether the E/C's untimely payments were willful or made in good faith. In a case decided shortly before the entry of the order now under review, this court emphasized that the JCC has the authority to impose penalties for late payment of a settlement pursuant to Florida Rule of Workers' Compensation Procedure 4.150, but that "sanctions under this rule can be implemented only upon a showing of willfulness." Frix v. All State Ins. 854 So.2d 258, 259 (Fla. 1st DCA 2003). "Willfulness" has been characterized in the cases cited in Frix, and in other cases, as deliberate defiance of a JCC's order. See, e.g., Horizon Healthcare v. Murphy, 660 So.2d 1065 (Fla. 1st DCA 1995) (holding that dismissal was unduly harsh, even though the E/C deliberately ignored the JCC's order); Hanna v. Indus. Labor Serv., Inc., 636 So.2d 773 (Fla. 1st DCA 1994) (reversing, because the JCC had not found that the E/C's act was willful behavior or bad faith); Plouffe v. Lake County Sheriff's Office, 653 So.2d 507 (Fla. 1st DCA 1995) (concluding that sanctions were not warranted absent a showing that the employer/servicing agent had defied the JCC's order); Bee Gee Shrimp, Inc. v. Carreras, 516 So.2d 1121 (Fla. 1st DCA 1987) (holding that striking the E/C's defenses was unduly harsh, absent a showing that the E/C had arbitrarily or willfully disobeyed the JCC's order).
Because the JCC's order did not consider whether the E/C's mailing of the payments to its attorney 14 days after the entry of the order approving the parties' stipulation was willful or in bad faith, the order imposing sanctions is reversed and the cause is remanded to the JCC for such determination.[2]
REVERSED and REMANDED.
ERVIN, PADOVANO and LEWIS, JJ., concur.
NOTES
[1] A judge of compensation claims has discretionary authority to impose sanctions for a late payment of a settlement reached pursuant to section 440.20(11)(c), (2003). See Fla. R. Work. Comp. P. 4.150(a).
[2] Claimant contends he was not required to show willfulness, relying upon Paver Development Corp. v. McDevitt, 419 So.2d 1156 (Fla. 1st DCA 1982), wherein this court affirmed the assessment of a penalty, even though there was no showing that the E/C intended to delay payment to the claimant. In that case, however, the court was reviewing the imposition of sanctions pursuant to section 440.20(8), Florida Statutes, which imposes a mandatory penalty if compensation is not paid within seven days after it becomes due. The JCC imposed sanctions in both Frix and the case at bar pursuant to the authority provided in rule 4.150, which is discretionary.