443 So.2d 149 (1983)
Aaron THREAT, Appellant,
v.
J. Carlisle ROGERS and Glenn Gentry, Appellees.
No. AR-345.
District Court of Appeal of Florida, First District.
December 8, 1983.
Irvin A. Meyers and Sherry L. Davis of Meyers & Mooney, Orlando, for appellant.
Steven A. Rissman of Cooper & Rissman, Orlando, for appellees.
PER CURIAM.
This cause is before us to review the order of the deputy commissioner vacating, within the 30-day period before it became final, a prior compensation order. We exercise our discretionary jurisdiction to review the order by certiorari, and affirm.
Claimant Aaron Threat injured his arm while pruning trees in a grove in Okahumpka, Florida. An amended claim for benefits was filed, naming J. Carlisle Rogers and Glenn Gentry as employers. Because of an apparent miscommunication between counsel for Mr. Rogers and the deputy commissioner's office, Mr. Rogers did not appear at the hearing held on the claim, subsequent to which the deputy issued his order, dated January 13, 1983, finding claimant entitled to TTD benefits, PTD benefits, and medical expenses, and awarding claimant's attorney a fee under the "bad faith" provision of Section 440.34(3), Florida Statutes. Within the 30-day period before this order became final, Mr. Rogers' attorney filed a motion to vacate the order, with supporting affidavits, asserting that Mr. Rogers' failure to appear at the compensation hearing was the result of miscommunication and excusable neglect, and *150 that Mr. Rogers had a meritorious defense to the claim for compensation, in that he does not own the grove property in question and never employed claimant. On February 4, 1983, the deputy entered an order granting the motion to vacate and setting aside his prior order.
Although the deputy commissioner has no authority to vacate an order which has become final, Farrell v. Amica Mutual Insurance Co., 361 So.2d 408 (Fla. 1978), we hold that the deputy has the authority, within the period before the order becomes final, to correct errors arising from inadvertence, mistake, or excusable neglect, as in the case at issue. See, Acosta Roofing Co. v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981), in which this court found such authority in Section 440.25(4)(a), Florida Statutes. See also, Morgan Yacht Corporation v. Edwards, 386 So.2d 883 (Fla. 1st DCA 1980), which found that Section 440.33(1), Florida Statutes, authorized the deputy to rescind his approval of settlement stipulations upon a finding of fraud.
It is within the deputy's discretion to determine whether the facts of a particular case constitute excusable neglect, mistake or inadvertence, so as to support a motion to vacate a compensation order. Appellants have not shown an abuse of discretion by the deputy; his order granting appellee's motion to vacate the prior compensation order is therefore affirmed.
ROBERT P. SMITH, Jr., BOOTH and WIGGINTON, JJ., concur.