443 So.2d 150 (1983)
DREXEL PROPERTIES, INC. and Fred S. James & Company of Florida, Appellants,
v.
Robert P. BROWN, Appellee.
No. AQ-392.
District Court of Appeal of Florida, First District.
December 12, 1983.
Rehearing Denied January 13, 1984.
Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, for appellants/cross appellees.
Stanley J. Narkier of Bernstein, Narkier, Monchick & Karp, P.A., West Palm Beach, for appellee/cross-appellant.
WIGGINTON, Judge.
The posture and pertinent facts of this case are as set forth in Judge Robert Smith's dissent and need not be expounded upon here. Grounded upon this court's opinion in Threat v. Rogers, 443 So.2d 149 (Fla. 1st DCA 1983), the deputy commissioner's *151 order of December 21, 1982 is AFFIRMED.
BOOTH, J., concurs.
ROBERT P. SMITH, Jr., J., dissents, with written opinion.
ROBERT P. SMITH, Jr., Judge, dissenting:
Within the 30-day period before the deputy's compensation order became final, § 440.25(4)(a), Fla. Stat. (1981), the employer filed a motion for rehearing and to vacate that order alleging:
For grounds, the Employer would show that the Claimant was less than truthful in sworn testimony; that the Deputy Commissioner erred in refusing to accept a WCC-4 as a notice to controvert; that the Deputy Commissioner erred in failing to find that the claimant has a greater earning capacity than the actual wages earned at Lake Hospital of the Palm Beaches; that the Deputy Commissioner erred in failing to find a deemed earning capacity between September 1981 and February 1982.
Also acting within the 30-day period, the deputy commissioner denied the motion in certain respects but set aside other portions of his order that were implicated by the alleged "less than truthful" testimony by claimant on the subject of his "earnings, job search, employment and unemployment compensation benefits." At a later hearing the employer was permitted to introduce evidence impeaching claimant's prior testimony and showing that claimant gave false and incomplete information in connection with his application for and receipt of unemployment compensation benefits. Reassessing claimant's credibility, the deputy then entered the order now appealed, reducing but not eliminating certain benefits. The appellant employer now urges that we set aside all awards, and cross-appellant claimant urges that we restore the deputy's original order because the rehearing procedure was unauthorized.
In my opinion neither Acosta Roofing Co. v. Gillyard, 402 So.2d 1321, 1132 (Fla. 1st DCA 1981), authorizing 30-day corrections of inadvertent errors in order to "discourage substantially groundless and unnecessary appeals" on matters that might readily be tended to below, nor Morgan Yacht Corp. v. Edwards, 386 So.2d 883 (Fla. 1st DCA 1980), authorizing rehearings for fraud in connection with settlement stipulations and their approval, extends to such a case as this. Conventional rehearings on substantial issues decided by a deputy are not authorized. Extraordinary rehearings out of time, in the nature of those available under civil Rule 1.540, have been disallowed in workers' compensation cases. Farrell v. Amica Mutual Ins. Co., 361 So.2d 408 (Fla. 1978).
While I am hard put to distinguish Morgan Yacht, there seemingly being little more reason to rehear settlement orders on account of fraud than to rehear disputed orders for fraud, I would not extend Morgan Yacht to this new class of orders. The perils of doing so are apparent in this case, in which the alleged fraud lay in representations made by claimant when applying for unemployment compensation, outside the workers' compensation system, and also in testimony before the deputy that could and should have been prepared for and impeached when it was given, if at all.
Whether a deputy should be empowered to reopen an order for alleged fraud, or upon allegations that claimant (or an important witness for the employer) was previously "less than truthful," is certainly a debatable issue. But absent authority in statutes or rules, I would not create this wide portal of attack upon settled orders. It is quite another thing to excuse a party's excusable neglect to attend a hearing, Threat v. Rogers, 443 So.2d 149 (Fla. 1st DCA 1983), or to correct inadvertencies of the deputy in failing to rule upon submitted issues, in ruling on issues not submitted, or in uncontroversial details not affecting the merits previously disputed and settled. Cf. Acosta Roofing Co. v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981).
*152 I would reverse the modified order and reinstate the order previously and conventionally entered.