NIMMONS, Judge.
The employer and carrier appeal an order of the deputy commissioner awarding claimant remedial and palliative care on the stated grounds that “[n]either the Employer or (sic) the Carrier nor their representative appeared for the hearing ...” We reverse.
This case presents the issue of whether a deputy commissioner is empowered, because of the employer/carrier’s failure to appear at a compensation hearing, to enter a “default judgment” awarding benefits to claimant where no evidence is presented. Claimant was allegedly injured in a com-pensable accident and was treated in an outpatient clinic, causing him to miss a day of work. Claimant, initially without benefit of counsel, filed a claim for additional care, which was controverted. Claimant then retained an attorney who filed the claim again and properly noticed a hearing. At the appointed time for the hearing, only the claimant, his counsel and the deputy commissioner were present. The employer/carrier failed to appear. Without taking any evidence, the deputy entered an order in favor of claimant granting all benefits requested along with an attorney’s fee.
In this appeal, the E/C do not argue that they failed to appear because of excusable neglect. Rather, they argue that the deputy commissioner was not entitled to enter a “default order” awarding benefits without there being some evidence in the record supporting the award. We agree.
It is fundamental that our scope of review in determining whether there is evidence sufficient to sustain an order is that where there is competent substantial evidence to support the deputy’s factual findings, we must accept his findings. Swanigan v. Dobbs House, 442 So.2d 1026 (Fla. 1st DCA 1983). In this case, there is no evidence to support the order and in fact there are no findings save the one that appellee is entitled to the requested benefits. Such an order must be reversed. Venable v. Grandeur Arabians, 464 So.2d 625 (Fla. 1st DCA 1985).
Nor is the deputy commissioner’s order affirmable based on the E/C’s failure to be present at the hearing. There is no presumption that a claimant whose claim has been controverted is entitled to the benefits requested in the absence of any evidence. The claimant still has the burden of presenting competent substantial evidence from which the deputy can determine such entitlement. See e.g. Fort Pierce Growers Association v. Storey, 155 Fla 769, 21 So.2d 451 (1945).
Unlike the Rules of Civil Procedure, the Florida Workers’ Compensation Rules of Procedure do not provide for the entry of a default or judgment thereon. Nevertheless, claimant/appellee points to this Court’s decision in Threat v. Rogers, 443 So.2d 149 (Fla. 1st DCA 1983) as authority therefor. In Threat, this court affirmed a deputy commissioner who granted rehearing and vacated an order where the employer and carrier demonstrated that the employer’s failure to appear at the hearing was due to excusable neglect and that the employer had an arguably meritorious defense. Compare Drexel Properties Inc. v. *42 Brown, 443 So.2d 150 (Fla. 1st DCA 1983) (Smith, Robert P. Jr., J., dissenting). Ap-pellee reads too much into Threat. Nothing in the Threat opinion indicates that the initial order, which was later vacated, had been entered without any evidence in the record to support it or that such would be permissible.
In the instant case, upon the E/C’s failure to appear, the proper procedure would have been for the deputy to have taken evidence presented by the claimant and to make a determination of claimant’s entitlement to compensation benefits based on such evidence.
REVERSED and REMANDED.
JOANOS and THOMPSON, JJ., concur.