649 So.2d 346 (1995)
COLDWELL BANKER Commercial, Etc., et al., Petitioners,
v.
Steven E. Wightman, Respondent.
No. 94-2630.
District Court of Appeal of Florida, Fifth District.
February 3, 1995.
Allen J. McKenna and Arthur Randell Brown, Jr., of Garwood, McKenna & McKenna, P.A., Orlando, for petitioners.
Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, for respondent.
DAUKSCH, Judge.
Petitioner Coldwell Banker Commercial seeks certiorari review of the trial court's order on its motion for clarification/reconsideration of the court's previous interlocutory order granting in part and denying in part respondent Steven E. Wightman's motion and amended motion to compel discovery. We conclude that Coldwell Banker's petition for writ of certiorari must be dismissed for lack of jurisdiction as untimely filed.
The trial court granted in part and denied in part Wightman's motion and amended motion to compel answers to deposition questions in an order dated May 2, 1994. Instead of then seeking certiorari review, however, Coldwell Banker filed a motion for clarification/reconsideration on June 28, 1994. The *347 trial court denied that motion in an order dated October 19, 1994. It is from that order that petitioner seeks certiorari review.
We conclude that we lack jurisdiction to consider the merits of the petition for writ of certiorari because it is untimely. Because a motion for rehearing for an interlocutory order granting discovery is unauthorized, it does not toll the time for seeking certiorari review. Vliegenthart v. Grover, 575 So.2d 781 (Fla. 5th DCA 1991). In passing, we note that even if the motion for clarification/reconsideration were authorized, the motion was itself untimely because it was, according to Coldwell Banker, filed on June 28, 1994, well beyond ten days after the trial court's order dated May 2, 1994. See Fla.R.Civ.P. 1.530(b). An untimely motion for rehearing does not suspend rendition. See Dominguez v. Barakat, 609 So.2d 664 (Fla.3d DCA 1992).
Coldwell Banker, in its response to this court's order to show cause, urges that Wightman's motions never "stated with sufficient particularity" that the relief sought "related to the objections to attorney/client privilege" and that its motion for clarification/reconsideration thus properly noticed for hearing for the first time the issue of attorney/client privilege. We do not agree because it was Coldwell Banker itself who had earlier raised the defense of attorney/client privilege at the depositions. Thus, under the instant circumstances we fail to see why Wightman should be under any obligation to mention, in its motions to compel discovery, the opposing party's obvious defense to that motion. See Southern Bell Telephone Co. v. Deason, 632 So.2d 1377, 1383 (Fla. 1994) ("The burden of establishing the attorney-client privilege rests on the party claiming it.").
Accordingly, we dismiss the petition for writ of certiorari for lack of jurisdiction.
PETITION DISMISSED.
COBB and PETERSON, JJ., concur.