696 So.2d 949 (1997)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellant,
v.
Natalie Jessica-Jane BOND, Appellee.
No. 97-796.
District Court of Appeal of Florida, Fifth District.
July 11, 1997.
Enoch J. Whitney, General Counsel, and Heather Rose Cramer, Assistant General Counsel for Department of Highway Safety and Motor Vehicles, West Palm Beach, for Appellant.
Sam Baxter Bardwell of Sam Baxter Bardwell, P.A., Titusville, for Appellee.
PER CURIAM.
The State of Florida, Department of Highway Safety and Motor Vehicles (DMV), appeals an order staying the suspension of appellee's driving privileges.
Appellee was arrested for driving under the influence (DUI) in violation of section 316.193, Florida Statutes (1995). After being informed of the penalties for refusing to submit to a blood test, she refused, and her license was suspended for one year pursuant to section 322.2615, Florida Statutes (1995). Following administrative review, appellee petitioned for a writ of certiorari to the circuit court for review of the suspension order and for a stay pending review. The court granted the stay on January 17, 1997. On February 3, 1997, the DMV moved for rehearing, but the motion was denied on February 26, 1997. This appeal was filed on March 19, 1997.
Many questions are raised by the review being sought before this court: (1) whether the petition for stay should have been filed in the lower tribunal[1], the DMV Bureau of Administrative Review; (2) whether a stay pending appeal may even be granted in view of the proscription of section 322.2615(13), Florida Statutes (1995); (3) whether review by this court is more appropriately sought by a petition for certiorari than by an appeal of a non-final order.
All of those questions must go unanswered because we find that we have no jurisdiction to review this case because the appeal was untimely. The state filed its notice of appeal of the stay order more than 30 days after it was entered. A motion for rehearing of a non-final order does not suspend the date of rendition of such an order. Shelnutt v. Citrus County, 660 So.2d 393 (Fla. 5th DCA 1995) (time for filing certiorari petition not tolled by motion for rehearing directed to interlocutory order); Coldwell Banker Commercial v. Wightman, 649 So.2d 346 (Fla. 5th DCA 1995).
*950 The request for review is dismissed for lack of jurisdiction.
DISMISSED.
HARRIS and PETERSON, JJ., concur.
GRIFFIN, C.J., concurs in result.
NOTES
[1] Appellee states that she attempted to obtain a stay order from the DMV but received no response. That prompted her to seek a stay from the circuit court acting in its appellate capacity. Perhaps mandamus to require the DMV to rule on the motion would have been appropriate under Florida Rule of Appellee Procedure 9.030(c)(3).