933 So.2d 71 (2006)
Kathryn BOWE, Appellant,
v.
McDONALD'S & United Self Insured Services, Appellees.
No. 1D05-1394.
District Court of Appeal of Florida, First District.
May 25, 2006.
Rehearing Denied July 10, 2006.
Sharon H. Proctor, Avon Lake, OH; Lance F. Avera of Avera & Avera, LLP, Gainesville, Attorneys for Appellant.
Clay L. Meek and Tamara R. Wenzel of Smith, Hood, Perkins, Loucks, Stout, Bigman, Lane & Brock, P.A., Daytona Beach, Attorneys for Appellees.
PER CURIAM.
This is the second appearance of these parties before this court. Claimant previously filed an appeal of an abbreviated final order. This court dismissed the appeal pursuant to Florida Rule of Appellate Procedure 9.180(b)(2) because Claimant failed to timely request findings of fact and conclusions of law and thereby waived her right to appeal. Thereafter, Claimant filed an untimely motion to vacate the abbreviated final order. Claimant now appeals the JCC's order denying her motion to vacate. We determine that such an order is not an appealable order. See Fla. R.App. P. 9.130(a)(4) (providing that orders on motions which suspend rendition are not reviewable). We dismiss this appeal for lack of jurisdiction.
DISMISSED.
PADOVANO and THOMAS, JJ., concur; ERVIN, J., dissenting with written opinion.
ERVIN, J., dissenting.
I respectfully dissent. An untimely motion to vacate an abbreviated final order does not suspend rendition of the final order. Cf. Coldwell Banker Commercial v. Wightman, 649 So.2d 346 (Fla. 5th DCA 1995). As such, the order denying claimant's motion is reviewable under Florida Rule of Appellate Procedure 9.130(a)(4) as a non-final, appealable order. Because appellant sought review of the order of denial within 30 days from the date of its rendition, this court has jurisdiction to consider the appeal.
To explain my position sufficiently, I set out the following facts. On February 10, *72 2005, the judge of compensation claims (JCC) entered a final abbreviated order,[1] which claimant, Kathryn Bowe, moved to vacate on February 24, 2005. Without addressing the merits of the motion, the JCC, on March 11, 2005, denied the motion, citing Florida Administrative Code Rule 60Q-6.119[2] and Florida Rule of Appellate Procedure 9.180(b)(2).[3] The JCC concluded that because claimant had not made her request for findings of fact and conclusions of law within ten days from the date of the abbreviated final order, as required by rule 60Q-6.119, the motion must be denied. In so deciding, the JCC failed to address claimant's argument that the time for the request should be extended because of excusable neglect. It appears from my review of the order that the JCC apparently concluded, by considering the two rules in pari materia, he had no jurisdiction to consider a request not timely filed.
If this was the effect of the order, it was, in my judgment, a clear abuse of discretion. Nothing in the language of rule 60Q-6.119 mandates that a request to vacate be made within ten days from the date of an abbreviated final order. In fact, the rule is couched in permissive terms. Even if its provisions explicitly required the motion to be made no later than ten days, I consider the rule would exceed the powers expressly or implicitly conferred on the Department of Administrative Hearings (DOAH) by section 440.25(5)(a), Florida Statutes, providing that compensation orders shall become final within 30 days after mailing the copies of the order to the parties. In Department of Environmental Regulation v. Puckett Oil Co., 577 So.2d 988, 991 (Fla. 1st DCA 1991), we concluded that DOAH had discretion under the authority delegated it by statute to extend the time for the filing of a responsive pleading, notwithstanding that the particular DOAH rule governing the filing of such pleadings employed mandatory language as to the time required for a party's reply. Under the circumstances, rule 60Q-6.119 cannot be construed as precluding a JCC from entertaining an untimely motion to vacate an abbreviated order.
In addition, I cannot believe that the Florida Supreme Court by its adoption of rule 9.180(b)(2) reasonably intended to divest a JCC from jurisdiction to decide whether the failure of a party to file a timely motion to vacate should be excused. If, however, the court contemplated such result, I am of the opinion a serious question would arise as to the constitutionality of the court's rule-making powers. See Amendments to the Fla. R. of Work. Comp. P., 891 So.2d 474, 479 (Fla.2004) (holding that the Rules of Workers' Compensation Procedure adopted by the supreme court constituted an unconstitutional encroachment on the power of the executive branch to adopt rules of procedure for its agencies).
*73 In my judgment, the adoption of rule 9.180(b)(2) was not intended to bar a party from filing an appeal from an abbreviated order simply because the party had not complied with the ten-day limitation period provided in rule 60Q-6.119 for moving to vacate an abbreviated final order. Instead, I consider the rule was designed to impose a jurisdictional time bar on one who did not move for a vacation of the order within the 30-day period provided in section 440.25(5)(a), a purpose which was consistent with pertinent provisions of the former Rules of Workers' Compensation Procedure.
Before its repeal, effective December 2, 2004, rule 4.115(b), governing the procedure affecting abbreviated final orders, provided:
The judge may enter an abbreviated final order in cases in which compensability is not disputed. Either party may request separate findings of fact and conclusions of law within 10 days from the entry of the abbreviated final order. Upon receipt of a timely motion, the presiding judge shall vacate the abbreviated final order and, within 30 days thereof, enter an order in compliance with section 440.25(4)(e), Florida Statutes,[4]and rule 4.115(a).[5] No hearing on the motion shall be required. Abbreviated final orders under section 440.25(4)(d), Florida Statutes, shall be enforceable under section 440.24, Florida Statutes.
(Emphasis added.) Although the language of rule 4.115(b) implied that a JCC had authority to vacate an abbreviated final order only upon receipt of a timely motion, such provision should be read in pari materia with rule 4.115(c)(1), authorizing a JCC "at his or her own discretion" to vacate any order "not yet final pursuant to section 440.25, Florida Statutes." That a JCC retained jurisdiction to vacate a compensation order not yet final was made evident from the 1996 Committee Note to subsection (b), pertaining to abbreviated final orders, explaining:
Subdivision (b) codifies the long-established practice in workers' compensation litigation: A judge of compensation claims retains jurisdiction over an order that has not yet become final. The rule implicitly adopts the majority view in Drexel Properties, Inc. v. Brown, 443 So.2d 150 (Fla. 1st DCA 1983), giving the deputy commissioner wide latitude in determining whether to amend or vacate an order.
Drexel Props., Inc. v. Brown, 443 So.2d 150 (Fla. 1st DCA 1983), reaffirmed the rule this court applied in Threat v. Rogers, 443 So.2d 149 (Fla. 1st DCA 1983), where we approved a deputy commissioner's order vacating a prior compensation order within the 30-day period before it became final. We concluded that the deputy had "discretion to determine whether the facts of a particular case constitute excusable neglect, mistake or inadvertence, so as to support a motion to vacate a compensation order." Id. at 150.
The Committee Note to rule 4.115(b) and the rules of workers' compensation preceding the adoption of rule 9.180(b)(2) lend strong support to the conclusion that the supreme court, in adding the latter rule, did not intend to divest JCCs of their long-recognized authority to extend the time for vacating any compensation order, including an abbreviated order, as long as the time for the judge's exercise of discretion does not exceed the time in which the *74 order by operation of law became final, i.e., 30 days after mailing copies of the order to the parties. § 440.25(5)(a). As the court commented in Millinger v. Broward County Mental Health Division, 672 So.2d 24, 26-27, n.2 (Fla.1996):
A JCC has more limited authority under the Florida Rules of Worker's Compensation Procedure than does a court under Florida Rules of Civil Procedure. While a court has express authority to "relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding," see Fla.R.Civ.P. 1.540, a JCC's authority to vacate and amend orders is expressly limited to those orders which are "not yet final by operation of section 440.25."[6]
If the majority's decision is correct, a party who fails to file a timely request for separate findings of fact and conclusions of law must be deemed to have forfeited his or her right to appeal an order denying a motion to vacate, or to appeal from an abbreviated order filed within 30 days of its rendition. This is precisely what has occurred in both this appeal and a related appeal involving the same parties. In Ms. Bowe's appeal, filed on March 11, 2005, or 29 days after the date of the February 10, 2005, abbreviated order, this court, by unpublished order, dismissed that appeal pursuant to rule 9.180(b)(2), noting that the issue regarding the timeliness of appellant's motion to vacate could be raised in the instant appeal. Despite appellant's filing of a notice of appeal within 30 days from the order in the instant case denying the motion to vacate, the majority now dismisses the appeal because it deems the order to be non-appealable under rule 9.130(a)(4). The result the majority reaches is that Ms. Bowe can be afforded no relief whatsoever, despite her allegation of excusable neglect. Moreover, the construction the majority places on rule 9.180(b)(2) effectively limits the timeliness of her appeal to no more than ten days from the date of the abbreviated final order, regardless of the circumstances for the delay.
Because the majority's interpretation of rule 9.180(b)(2) divests the JCC of his or her traditional discretion to determine, within the 30-day period in which a workers' compensation order is not yet final, whether a showing of good cause may excuse an untimely request for findings of fact and conclusions of law, its construction brings into serious question the validity of the supreme court's rule-making powers; it is, moreover, one which I cannot believe the court reasonably intended when it adopted the rule.
For all of the above reasons, I would certify the following question to the Florida Supreme Court as one of great public importance:
IF A CLAIMANT FAILS TO FILE A TIMELY REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW, DOES THE JCC RETAIN JURISDICTION TO CONSIDER THE MERITS OF THE REQUEST, AND, IF SO, IS A NOTICE OF APPEAL, FILED WITHIN 30 DAYS OF SUCH ORDER, TIMELY FILED IN ACCORDANCE WITH THE FLORIDA RULES OF APPELLATE PROCEDURE?
NOTES
[1] Section 440.25(4)(d), Florida Statutes (2005), relating to mediation proceedings, permits a JCC to "enter an abbreviated final order in cases in which compensability is not disputed."
[2] Rule 60Q-6.119 provides: "In cases in which compensability is not disputed, any party may request within ten days of the date of an abbreviated final order that the abbreviated final order be vacated and that a final order containing separate findings of fact and conclusions of law be entered."
[3] Rule 9.180(b)(2) provides:

Unless a request for findings of fact and conclusions of law is timely filed, review by appeal of an abbreviated final order shall be deemed waived. The filing of a timely request tolls the time within which an abbreviated final order becomes final or an appeal may be filed.
[4] Section 440.25(4)(e) requires, among other things, that the order contain "findings of ultimate facts."
[5] Rule 4.115(a)(1) similarly required the compensation order to "set forth findings of fact, [and] conclusions of law."
[6] Despite the above pronouncement, the court recognized that certain "egregious circumstances" could exist so as to entitle a party to relief even after the finality of a workers' compensation order. Millinger, 672 So.2d at 27.