[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 20-11667
Non-Argument Calendar

————————————————

D.C. Docket No. 6:19-cv-01437-PGB-EJK

JAMES A. GUSTINO,

Plaintiff-Appellant,

versus

STONEYBROOK WEST MASTER ASSOCIATION, INC.,
ATTORNEY GENERAL, STATE OF FLORIDA,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(January 4, 2021)

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

After a Florida appellate court imposed monetary sanctions on James A. Gustino for moving to reconsider a clearly untimely petition, he brought First, Fifth, and Fourteenth Amendment claims under 42 U.S.C. section 1983 against Stoneybrook West Master Association, Inc., and the Florida Attorney General seeking damages and declaratory and injunctive relief. Gustino appeals the district court's orders dismissing his complaint and denying his motion for reconsideration. We affirm the dismissal as to Gustino's claims against the association, and we vacate the district court's judgment as to the Attorney General and remand with instructions to dismiss Gustino's claims against her for lack of standing.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Gustino, as counsel for Premier Security Services Worldwide, sued the association in Florida state court for breach of contract. The association moved to disqualify Gustino as Premier Security's attorney because he previously represented the association. On September 9, 2014, the state trial court granted the motion and disqualified Gustino.

On October 10, 2014 (thirty-one days after Gustino's disqualification), he petitioned the state appellate court for a writ of certiorari to quash the trial court's

2

disqualification order.  Because Gustino's petition was untimely,[1] the state appellate court dismissed it for lack of jurisdiction.  See, e.g., Coldwell Banker Com. v. Wightman, 649 So. 2d 346, 347 (Fla. 5th DCA 1995) ("[W]e lack jurisdiction to consider the merits of the petition for writ of certiorari because it is untimely.").  Gustino moved for rehearing.  The association responded by moving for attorney's fees under Florida Statutes section 57.105.  Section 57.105 allows a court to award attorney's fees against a losing party who raised a claim unsupported by the law, unless the claim was presented as a good faith argument for modification of the law with a reasonable expectation of success.  Fla. Stat. § 57.105(1)(b), (3)(a).[2]  The association argued that Gustino's petition and motion were meritless because the

---

[1] See Fla. R. App. P. 9.100(c)(1) (providing that a petition for writ of certiorari must be filed within thirty days of rendition of the order under review).

[2] Section 57.105 provides:

(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

* * *

(b) Would not be supported by the application of then-existing law to those material facts.

* * *

(3) Notwithstanding subsections (1) and (2), monetary sanctions may not be awarded:

(a) Under paragraph (1)(b) if the court determines that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success.

Fla. Stat. § 57.105(1)(b), (3)(a) (2019).

3

thirty-day deadline that he missed was jurisdictional and not waivable under Florida law. The state appellate court denied Gustino's motion for rehearing, granted the association's motion for attorney's fees, and remanded the case to the state trial court to determine and assess a reasonable amount of fees.

In May 2019, the state trial court entered a final judgment ordering Gustino to pay $8,362.39 to the association in attorney's fees. In July 2019, Gustino appealed that judgment to the state appellate court "on purely state law" grounds.

In August 2019, while Gustino's state appeal of the attorney's fees judgment was pending, he sued the association and the Florida Attorney General in federal court. Gustino brought a section 1983 claim for damages under the First, Fifth, and Fourteenth Amendments against the association because it sought to enforce an unconstitutional statute and judgment against him. Gustino also sought equitable relief: declaring section 57.105 unconstitutional under the First and Fourteenth Amendments, both facially and as applied; declaring the statute and the 2019 attorney's fees judgment against him unenforceable; enjoining the enforcement of the statute against him and anyone else; and enjoining the association from enforcing the attorney's fees judgment. Gustino alleged that the Attorney General was a proper defendant because she was the chief legal officer of Florida, had a duty to defend and enforce Florida law, was an elected official, and had broad authority to interpret Florida law.

4

The Attorney General and the association moved to dismiss Gustino's complaint. The Attorney General argued that Gustino's claims should be dismissed under the Younger[3] abstention doctrine. Younger abstention applied here, the Attorney General argued, because Gustino's state appeal of the attorney's fees judgment against him was pending and he couldn't show that he lacked an adequate remedy in state court to address his federal constitutional claims. The Attorney General also argued that Gustino lacked standing to sue her because he failed to allege any "causal connection between an action of the Attorney General and any injury allegedly suffered by [him]."

The association argued that Gustino failed to state a plausible section 1983 claim against it because, as a private homeowners' association, the association wasn't a state entity and didn't act under color of law. A private entity doesn't engage in state action, the association argued, just because it uses a state court to obtain a favorable judgment.

The district court granted the Attorney General's motion. The district court concluded that the state appellate court's order sanctioning Gustino was uniquely in furtherance of the state court's ability to perform its judicial functions, because section 57.105 gives Florida courts the "ability to protect" themselves from "sham appeals" and "abuses of the judicial process." The district court then concluded that:

---

[3] Younger v. Harris, 401 U.S. 37 (1971).

(1) there was an ongoing state judicial proceeding (Gustino's pending state appeal of the attorney's fees judgment); (2) this proceeding implicated the state's important interest in "protecting itself from abuses of the judicial process"; and (3) Gustino had an adequate opportunity in his pending state appeal to challenge the constitutionality of section 57.105.  Gustino had not alleged, the district court concluded, that "bad faith, harassment, or some other extraordinary circumstance" justified the federal court's intervention.  The district court concluded that Younger abstention applied and dismissed Gustino's complaint.

Gustino moved for reconsideration.  He argued that the district court had "misinterpret[ed]" various Supreme Court cases applying Younger abstention and overlooked the England[4] reservation he made in his pending state appeal.  Gustino also argued that the district court's order:  (1) overlooked cases disapproving of abstention from First Amendment facial challenges; (2) conflicted with the text and purpose of section 1983; (3) failed to address the differences between the claims raised in his state appeal and the federal claims he raised here; and (4) erred by dismissing rather than staying his section 1983 claims for damages.

The Attorney General and the association opposed the motion, both arguing that it relitigated issues already rejected by the district court or raised arguments that

---

[4] See England v. La. State Bd. of Med. Exam'rs, 375 U.S. 411 (1964).

Gustino could have presented earlier. The Attorney General once again argued that Gustino lacked standing to sue her.

The district court denied Gustino's motion for reconsideration. As to his Younger abstention arguments, the district court concluded that Gustino was improperly relitigating old issues or raising new ones. As to Gustino's specific claim that the district court should have stayed his section 1983 claims for damages against the association, the district court concluded that this too was a new theory which should have been raised earlier. Addressing this claim "in an abundance of caution," the district court explained that staying claims for damages is unnecessary where they "fail on other grounds." Gustino's section 1983 claims against the association failed, the district court concluded, because it was a private actor and didn't act under color of state law.

## STANDARDS OF REVIEW

Whether a plaintiff has standing to sue "is a threshold jurisdictional question that we review de novo." Muransky v. Godiva Chocolatier, Inc., 979 F.3d 917, 923 (11th Cir. 2020) (en banc). We review de novo a district court's dismissal of a complaint for failure to state a claim. Henley v. Payne, 945 F.3d 1320, 1326 (11th Cir. 2019). We review the district court's denial of a motion for reconsideration for an abuse of discretion. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). Although we ordinarily construe pro se pleadings liberally, Holsomback v. White,

133 F.3d 1382, 1386 (11th Cir. 1998), there's no need for a liberal construction where the pro se litigant is an attorney, Olivares v. Martin, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977).

## DISCUSSION

Gustino argues that the district court erred in concluding that the association was not a state actor and dismissing his section 1983 claims against it.[5]

*Gustino's Standing to Sue the Attorney General*

Before we address Gustino's argument, we first consider whether he has standing to sue the Attorney General. See, e.g., MSP Recovery, LLC v. Allstate Ins. Co., 835 F.3d 1351, 1357 (11th Cir. 1996) ("Federal courts have an independent obligation to ensure that subject-matter jurisdiction exists to hear a case"). The "'irreducible constitutional minimum' of standing consists of three elements: the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it." Trichell v. v. Midland Credit Mgmt., Inc., 964 F.3d 990, 996 (11th Cir. 2020) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992)). "In plainer language, the plaintiff needs to show that the defendant harmed him, and that a court decision can either eliminate

---

[5] Gustino also argues that the district court erred in dismissing his complaint based on the Younger abstention doctrine. Because we conclude that the association was not a state actor and Gustino lacked standing to sue the Attorney General, we do not reach the Younger abstention issues.

the harm or compensate for it." Muransky, 979 F.3d at 924. "Where, as here, a case is at the pleading stage, the plaintiff must clearly . . . allege facts demonstrating each element." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016) (quotation omitted).

We focus on the causation element of standing. Whenever a party is "dragged into court," the plaintiff must allege that the defendant's "action or inaction caused the plaintiff's alleged injury." BBX Capital v. Fed. Deposit Ins. Corp., 956 F.3d 1304, 1312 (11th Cir. 2020). This element requires "that the plaintiff's injury be fairly traceable to the defendant's conduct." Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 134 n.6 (2014). The Attorney General argues that Gustino failed to allege that her actions caused his injury. Gustino responds that his injury is fairly traceable to the Attorney General because she breached a fiduciary duty to protect his constitutional rights from abridgment by section 57.105.

We agree with the Attorney General. Gustino did not allege that the attorney's fee judgment was fairly traceable to the Attorney General. His complaint established the opposite; the judgment resulted from the state appellate court granting the association's motion for sanctions. Section 57.105 doesn't "contemplate enforcement by the Attorney General," which "counts heavily against [Gustino's] traceability argument." See Lewis v. Governor of Ala., 944 F.3d 1287, 1299 (11th Cir. 2019). Rather, the law allows for sanctions only "[u]pon the court's initiative

9

or motion of any party," Fla. Stat. § 57.105(1), and the Attorney General was not a party to Gustino's breach of contract claim against the association.

As for Gustino's contention that he established causation because the Attorney General has a duty to protect his constitutional rights, this theory "proves entirely too much—and thus nothing at all." See Lewis, 944 F.3d at 1300. If Gustino's argument were correct, the Attorney General could be sued "under innumerable provisions of" Florida law simply because a plaintiff claimed in federal court that any one of those laws was unconstitutional. See id. As we did in Lewis, we reject a theory of traceability which would allow Gustino to sue the Attorney General without showing that she actually caused his injury. See id. Finally, although Gustino relies on Ex parte Young, 209 U.S. 123 (1908) to establish his standing to sue the Attorney General, "Article III standing and the proper defendant under Ex parte Young are '[s]eparate[]' issues[.]" Jacobson v. Fla. Sec'y of State, 957 F.3d 1193, 1210 (11th Cir. 2020) (quoting Lewis, 944 F.3d at 1295).

Because Gustino failed to plausibly allege that his injuries are fairly traceable to the Attorney General, he does not have standing to sue her. Thus, we vacate the district court's judgment as to the Attorney General and remand the case with instructions to dismiss Gustino's claims against her for lack of standing. See Trichell, 964 F.3d at 1005 ("Because [the plaintiffs] lack Article III standing, we

10

vacate the district courts' judgments and remand the cases with instructions to dismiss for lack of Article III standing.").

*Dismissal of Gustino's Section 1983 Claims Against the Association*

Gustino argues that the district court erred in concluding that his section 1983 claims failed because the association was not a state actor. State action exists in First Amendment challenges to state law, Gustino argues, even "in litigation between private parties[.]"

A plaintiff raising a section 1983 claim must show the deprivation of "a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). For a party to act under color of law, its conduct must be "fairly attributable to the state": the deprivation "must be caused by the exercise of some right or privilege created by" the state, and the party must be a "state actor." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).

But the association isn't a state actor. It's a private homeowners' association. "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Id. A private party can be held liable as a state actor only if: (1) the state "coerced or at least significantly encouraged the action alleged to violate the Constitution"; (2) the private party "performed a public function that was traditionally the exclusive prerogative of the State"; or (3) the state "had so far insinuated itself into a position of interdependence with" the private party "that it

11

was a joint participant in the enterprise[.]"  Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (quotation omitted).

Gustino argues that the association was a state actor because it "deploy[ed] the judicial power" of Florida state courts to secure and enforce a judgment against him "under a facially unconstitutional state statute[.]"  But "one who has obtained a state court order or judgment is not engaged in state action merely because it used the state court legal process."  Cobb v. Ga. Power Co., 757 F.2d 1248, 1251 (11th Cir. 1985); see also Harvey, 949 F.2d at 1133 ("Use of the courts by private parties does not constitute an act under color of state law").  Thus, the district court did not err in finding that the association was not a state actor under section 1983.

Because Gustino did not plausibly allege that the association acted under color of state law, we affirm the district court's order dismissing his section 1983 claims against it.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**