# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D22-2998
LT Case No. 2021-CA-31847-X

_____

GARY J. GANIBAN, M.D.,
MICHAEL N. MANDESE, M.D.,
JASON K. DARLINGTON, M.D.,
ERIC STRAUT, O.D., and HETAL
VAISHNAV, M.D.,

     Petitioners,

     v.

JAMES N. MCMANUS, M.D.,
INDIVIDUALLY, and on behalf of
Southwoods Investment, LLC,
1995 NASA GROUP, LLC, AND
FLORIDA EYE CONSULTANTS,
INC.,

     Respondents.

_____

Petition for Certiorari Review of Orders
from the Circuit Court for Brevard County.
John Dean Moxley, Jr., Judge.

Walter N. Meloon, James Ippoliti, Tiffany Ann Jones, and Scott
D. Widerman, of Widerman Malek, P.L., Melbourne, for
Petitioners.

Allan P. Whitehead and Erika McBryde, of Frese, Whitehead,
Anderson, & Henderson, P.A., Melbourne, for Respondents.

October 13, 2023

LAMBERT, J.

Gary J. Ganiban, M.D.; Michael N. Mandese, M.D.; Jason K. Darlington, M.D.; Eric Straut, O.D.; and Hetal Vaishnav, M.D. ("Petitioners"), who are the defendants below, challenge three separate orders entered by the trial court. One order denied their motion to dissolve an order that had extended the parties' "status quo." A second order granted the respondents' motion for protective order to preserve the status quo while their renewed motion for a temporary injunction was pending and to prevent Petitioners from locking out respondent James N. McManus, M.D., from his medical practice and from terminating or not renewing his employment contract in the interim. The third order found Petitioners in contempt of court for violating a court order. For the following reasons, we dismiss the petition.

The individual parties in this case are doctors in an optometry practice who have various percentage ownership interests in the three corporate respondents, Southwoods Investment, LLC; 1995 NASA Group, LLC; and Florida Eye Consultants, Inc. Because Petitioners were allegedly attempting to improperly dissolve and otherwise wind down these entities, the respondents filed suit to enjoin the dissolution and for damages resulting from Petitioners' alleged breaches of their fiduciary duties owed to the respondents.

The respondents moved for the issuance of a temporary injunction to prevent the dissolution of the corporate respondents. The motion was set for an evidentiary hearing; but, prior to the hearing, the parties agreed to the entry of a court order that required the parties to maintain the "status quo" of the dispute regarding their corporate entities for a period of 100 days until they either reached a "resolution" or the motion for temporary injunction was heard by the court.

A resolution was not reached, and the respondents filed a renewed motion for a temporary injunction. On September 16, 2022, upon motion, the trial court entered an order extending the aforementioned "status quo" for an additional 180 days or until a hearing was held and a ruling was entered on the renewed motion

2

for temporary injunction, whichever first occurred. Petitioners moved to dissolve this order, which the trial court denied. This denial order is one of the orders before us for review.

The trial court also separately granted the respondents' motion for protective order to preserve the status quo and preclude Petitioners from terminating or not renewing respondent McManus's employment agreement and from impacting McManus's continuing ability to see his patients and operate his practice. Petitioners seek relief here from this status quo protective order.

Two salient events have occurred since the entry of these orders. First, the 180-day extension period in the status quo order has expired. Second, the trial court has now denied the respondents' renewed motion for temporary injunction[1] thus substantively negating the continued viability of the status quo protective order. Based on these two events, we find that the petition for certiorari is now moot as to both the protective order and the order denying Petitioners' motion to dissolve the separate "status quo" order. *Cf. Wellings Auto., LLC v. Dennis Saviano Tr., dated 5/18/1993*, 183 So. 3d 412, 412 (Fla. 3d DCA 2014) (dismissing an appeal as moot because the temporary injunction expired by its own terms after thirty days had passed); *Georgiades v. Georgiades,* 186 So. 2d 810, 810 (Fla. 2d DCA 1966) (dismissing as moot a petition for writ of certiorari to review an order denying a motion to dissolve a temporary injunction because the trial court had subsequently entered an order dissolving the injunction).

Turning to the civil contempt order now before us, as the order is not one of the enumerated nonfinal orders reviewable under Florida Rule of Appellate Procedure 9.130, any relief for Petitioners from this contempt order would be by certiorari. *See*

---

[1] The parties are presently before this court in Case No. 5D23-1921 regarding the denial of this renewed motion for temporary injunction. A district court of appeal can take judicial notice of its own records. *Scheffer v. State*, 893 So. 2d 698, 699 (Fla. 5th DCA 2005); *Lightner v. State*, 306 So. 3d 1019, 1020 n.1 (Fla. 3d DCA 2020).

*Menke v. Wendell*, 188 So. 3d 869, 871 (Fla. 2d DCA 2015) (recognizing that "a prejudgment civil contempt order entered in an ongoing proceeding is subject to certiorari review").

However, the petition for writ of certiorari was not filed within thirty days of the rendition of the order, as required under Florida Rule of Appellate Procedure 9.100(c)(1). While Petitioners did file a motion for reconsideration of the contempt order, such a motion directed to an interlocutory order does not toll the time for the filing of a petition for certiorari. *Shelnutt v. Citrus Cnty.*, 660 So. 2d 393, 394 (Fla. 5th DCA 1995) (citing *Coldwell Banker Com. v. Wightman*, 649 So. 2d 346, 347 (Fla. 5th DCA 1995)).

We therefore dismiss this untimely petition for lack of jurisdiction. *See Caldwell v. Wal-Mart Stores, Inc.*, 980 So. 2d 1226, 1228–29 (Fla. 1st DCA 2008) ("As with an untimely notice of appeal, an untimely petition for writ of certiorari is ineffective to confer jurisdiction on the appellate court . . . [and] the petition for writ of certiorari must be dismissed for lack of jurisdiction.").

DISMISSED.

MAKAR and HARRIS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————